## JOHN W. McCLUNG

### *vs.*

## THE CITY OF ST. PAUL.

1.—The " city assessor" of St. Paul is assessor of the several wards thereof within the meaning of *Chapter* 51, *Laws*, 1865, for the purpose of preparing and returning a list of persons liable to be enrolled in the militia.

2.—The compensation of the city assessor, required to be fixed by the common council, by *Ch.* 79, *Laws*, 1865, includes compensation for preparing and returning the list aforesaid.

The plaintiff alleges, in his complaint, that he was elected assessor of the city of St. Paul for the year 1865, and performed the duties of his said office during said year ; that the common council of said city fixed his compensation, as such assessor at $1,000 ; that in addition to his official duties as assessor, and in accordance with the requirements of the law, he made and returned a true list of all persons in his district liable to perform military duty ; that this labor was performed after his compensation had been fixed by the council ; that it is provided by law that for making such list, the assessor should be compensated at the same rate and in like manner as for making the annual assessment of property. He also alleges a demand of the payment of $1,000 for such services and refusal, and demands judgment for that sum. There was no dispute as to the facts, and the case was submitted to the court without a jury. The court decided that the defendant was entitled to judgment for

costs, and the same was entered.    The plaintiff appeals to this court.

Brisbin & Palmer, and Bigelow & Clark for Appellant.

W. A. Gorman, City Attorney, for Respondent.

*By the Court.*—Berry, J.—By an act of the legislature approved March 2d, 1865, (*Ch.* 79, *Special Laws*, 1865,) it is made the duty of the common council of the city of St. Paul, at their first meeting in March, 1865, or at any meeting thereafter prior to the fifteenth of March, " to elect one assessor for the city at large  *  *  who shall perform all the duties required by law of assessors of property for the purposes of taxation, for state, county, city or other purposes within the city of St. Paul." The same act further provides that " his compensation shall be fixed by the council, and paid like the salaries of other officers." By the act of Sept. 12th, 1858, (*Ch.* 77, *Gen. Laws* 1858) which having been repealed in 1862 was revived by *Ch.* 51, *Laws* 1865, approved March 2, 1865, it is made " the duty of the township assessors of the several townships, and the assessors of the several wards of the several cities," to prepare and return a list of persons liable to be enrolled in the militia, &c.; and it is further provided in the same act that " the assessors shall be compensated for their services in making the enrollment required by this article, at the same rate, and in like manner, as they are compensated for making the annual assessment of property." We are of opinion that the assessor provided for in the act first above cited as assessor for the city at large, is assessor for the several wards of which the city is composed, within the meaning of

the act last cited. As assessor for the *whole* city he is assessor for *each* of the wards. By the act first cited, he is to perform " all the duties required by law of assessors of property for the purposes of taxation," &c. The qualifying clause, " for the purposes of taxation," &c., we think is not designed to limit his duties to such as relate to taxation only, but is intended to point out the kind of assessors referred to. In other words, the construction is that he is to perform all the duties required by law of those whose business it is to assess property for purposes of taxation. The acts cited were both passed and took effect on the same day, March 2d, 1865 ; so that at the time when the plaintiff was appointed, which was subsequent to March 2d, 1865, the making of the enrollment was a duty required by law of assessors ; and as it was one of the duties of assessors, it follows that it was also the duty of the plaintiff as city assessor.

We are further of opinion, that the compensation of the assessor, which by the act first cited the common council are authorized to fix, is a compensation for *all* his services as city assessor, including of course his services in making the required enrolment. In this connection the fact that both acts cited were approved upon the same day is important.

In the absence of any special reason for a contrary presumption, it is to be presumed that they were passed in reference to each other ; that it was not designed that one should conflict with or override the other, but that the legislative intention was that all the provisions of each should have full operation in reference to the particular subject matter to which each related respectively.

The application of this presumption to this case is that the provision as to compensation found in the act last cited, was a general provision furnishing the general rule under which

McClung v. The City of St. Paul.

assessors were to be paid for making the enrollment, while the provision in the act first cited as to the compensation of the city assessor, was a special provision governing the special case of the city assessor, and in the nature of an exception to the general rule. The compensation which the common council are to fix, is the compensation of the *city assessor*, who is an officer whose business it is to perform " *all the duties required by law of assessors,*" &c.

The object is to compensate him for discharging *the* duties, which must mean *all* the duties, of city assessor, that is to say, for performing " all the duties required by law of assessors."

Enrollment is one of those duties, and in our opinion it is covered by the compensation fixed. The compensation in this case having been fixed at $1,000, which the plaintiff has received, we think he can recover nothing more.

Judgment affirmed.