GEORGE W. HALL vs. H. L. MERRILL and others.

October 21, 1891.

Mutual Benefit Society—Change of Beneficiary.—Findings of fact *held* sustained by the evidence.

Error of Clerk in Entering Judgment, how Corrected.—When a clerk enters a judgment not authorized by the verdict or direction of the court or referee, the proper remedy, in the first instance, is not by appeal, but by motion to correct the entry.

The Masonic Mutual Aid Association, on January 4, 1888, issued to A. J. Hall a certificate of membership entitling him "to all its privileges and benefits; benefits payable to Geo. W. Hall, brother." A by-law of the association provided that on the death of a member, "his widow or designated heir shall receive a sum equal to one dollar for each member; said sum, however, not to exceed $2,000." A. J. Hall having died, the plaintiff, as beneficiary named in the certificate, brought this action against the association, in the district court for McLeod county, to recover $2,000, there being more than 2,000 members of the association. The defendant, on a showing that a claim for the money was made upon it by a voluntary association called "Temple Lodge No. 59, F. & A. M.," composed of H. L. Merrill and a large number of other persons named, was allowed to pay the money into court, and the claimants were substituted as parties, and appeared and answered setting up their claim, and the action was tried by *Powers, J.,* (acting for the judge of the 8th district,) whose findings of fact as to an attempted change of beneficiary, with the conclusions of law and order for judgment, are stated in the opinion. The substituted defendants appeal from the judgment.

*H. H. Bonniwell* and *Little & Nunn,* for appellants.

*R. H. McClelland*, for respondent.

GILFILLAN, C. J.   The rights of A. J. Hall, and of any one claiming through him, depended, not merely on the certificate issued to him, but on his membership in the association issuing it, which rights were defined and controlled by its constitution and by-laws. The by-laws provide for a change in the designation of the beneficiary in a certificate, so that whatever right the beneficiary may have, he has subject to the power of the member and the association to change the beneficiary, as provided in the by-laws.   According to the by-laws, a change could be made only by a majority vote of the board of directors, upon a return of the outstanding certificate, and a request by the member in writing, duly acknowledged.   Doubtless, the board of directors might, on a request of a member to change the beneficiary, waive any matter of form, such as the acknowledgment, but there is nothing in the by-laws, nor in testimony as to the usage of the association, to indicate that any one but the board could make or consent to a change, or waive anything required to be done on the part of the member.   April 15, 1890, A. J. Hall sent to the secretary his certificate, and a written request, not acknowledged, to change the certificate so as to make these interpleaders beneficiaries. Before the next meeting of the board, which, according to the by-laws, was to be held on the first Tuesday in May, A. J. Hall died.   After that, of course, the beneficiary could not be changed.   The board never acted on the request, nor was it ever laid before them.   April 21, 1890, the secretary wrote to A. J. Hall that the change could not be made without the consent of the beneficiary.   This was not required by the by-laws.   The interpleaders claim that, by the secretary retaining the certificate, and notifying A. J. Hall that the change could not be made, except upon a condition not required by the by-laws, the beneficiary became changed, as requested.   Whatever effect on the *status* a refusal by the board on an untenable ground might have, certainly no action of the secretary, who had no authority to make or consent to a change, could have any effect.   As the intention of the member to change the beneficiary was not executed, the plaintiff, the beneficiary named in the outstanding certificate, is entitled to the money.

The court below directed judgment that plaintiff recover the $2,000 deposited by the association defendant with the clerk of the court, and recover costs against the interpleaders. The clerk entered a judgment in the ordinary form, that the plaintiff recover $2,000 of the interpleaders. This was not according to the direction. Where a judgment not authorized by the verdict or direction of the court or referee is entered, the proper remedy is, in the first instance, not by appeal, but by motion to correct the entry.

Judgment affirmed.