MAGDALENA HANSON *vs.* MINNESOTA SCANDINAVIAN RELIEF ASS'N *et al.*

Argued Oct. 26, 1894.   Affirmed Nov. 16, 1894.

Nos. 8916, 8917.

### Life insurance, designation of beneficiary.

The by-laws of a mutual benefit society, whose expressed object was "to aid and assist the widows and orphans of deceased members," provided that every applicant for membership should designate in his application the person or persons to whom, in the event of his death, the benefit should be paid; also, that any member might change his beneficiary by sending to the secretary a written application acknowledged before a notary, and surrendering his certificate; that, if such change was approved by the board of managers, the secretary should issue to him a new

certificate; and that no change of beneficiaries should be made in any other way. The by-laws also provided that the benefit should be paid to such person or persons as the deceased member may have designated, as the same shall appear on the books of the association, and, if no designation has been made, then to his legal heirs or devisees. A certificate of membership was issued to the deceased without his having designated any beneficiary. Subsequently, he went to the office of the association, and verbally designated to the secretary four of his children as beneficiaries, and requested the secretary to make or enter such designation. Thereupon the secretary, in his presence, entered or recorded, in the book of the association kept for that purpose, the names of the four children as the beneficiaries, and assured the member that this was all that was necessary to be done. This entry remained in the records of the association, without objection, until the death of the member, six years afterwards. In a controversy between the four children and the other heirs of the deceased as to who were entitled to the benefit, *held*:

### The widow is an heir of her deceased husband.

That a widow is an "heir," within the meaning of the by-laws.

### Acts held an original designation of a beneficiary.

That the act of the member was an "original designation," as distinguished from a "change," of beneficiaries, within the meaning of the by-laws.

### Waiver of formal designation of beneficiary.

That the requirement of the by-laws that the designation of beneficiaries shall be made in the application for membership is a mere formality, designed for the protection of the association, and may be waived by it; and if it has done so and accepted something else as a sufficient designation, the heirs, who have no vested right in the benefit during the life of the member, cannot be heard to object.

### Approval from long acquiescence.

That, if any approval of the designation by the board of managers was necessary, their approval must be presumed from the fact that the designation remained so long in the records of the association without objection. No formal vote was necessary.

Appeal by plaintiff, Magdalena Hanson, from an order of the District Court of Goodhue County, *W. C. Williston*, J., made February 28, 1894, denying her motion for a new trial.

Appeal also by defendant, Violet Hanson, by her guardian ad litem, from the same order denying a new trial of the action.

On February 28, 1882, the defendant the Minnesota Scandinavian Relief Association was a corporation engaged at Red Wing in assess-

ment mutual life insurance.  On that day Olaf Hanson became a member and received a certificate thereof No. 948 whereby the corporation became obligated to pay at his death $2,000 to such person or persons as he should according to its bylaws designate, or if he made no designation then to his heirs or devisees.  In 1883 or 1884, he orally designated four of his children as beneficiaries in the manner stated in the opinion.  He died intestate October 25, 1890, leaving the plaintiff, Magdalena Hanson, his widow and leaving five children, Axel, Esther, Gertie, Christine and Violet.  Proofs of his death were made and served and on February 7, 1893, the widow commenced this action against the Association and all the children, claiming one third of the sum due and that each of the five children was entitled to an equal share of the residue.  The Association answered that it was ready and willing to pay to the person or persons entitled and prayed the court to adjudge between the claimants and direct to whom it should pay the money and in what proportions. Violet Hanson answered by her guardian ad litem claiming two fifteenths of the money.  The four other children also answered claiming they were, under the designation, entitled to the entire $2,000.  The issues were tried by the court and findings were filed November 28, 1893, directing the money paid to the four children designated.  The widow and the child, Violet, each moved for a new trial, but were both denied and they each appeal.

*Welch & Welch* and *S. J. Nelson,* for appellants.

By the civil law the term heir has a more extended signification than in the common law.  The term is there applied to all persons entitled to succeed to the estate of one deceased, whether by act of the party or by operation of law, and whether the property be real or personal in its nature.  By our statutes the term heir includes the widow.  *Addison* v. *New England C. T. Ass'n,* 144 Mass. 591; *Kaiser* v. *Kaiser,* 13 Daly 522.

The alleged designation of the four elder children amounts to nothing more than the verbal statement of Hanson; the entries in the book, if correct, show what Hanson said, but were not competent evidence for any purpose.  The rules and regulations of the association must be complied with in order to make a valid designation or change of beneficiaries.  *Hall* v. *Merrill,* 47 Minn. 260; *Stephenson*

v. *Stephenson,* 64 Ia. 534; *Hainer* v. *Iowa Legion of Honor,* 78 Ia. 245; *Hotel Men's Mut. Ben. Ass'n* v. *Brown,* 33 Fed. Rep. 11; *Mc-Carthy* v. *Supreme Lodge N. E. Order of Protection,* 153 Mass. 314; *American Legion* v. *Smith,* 45 N. J. Eq. 466; *Ballou* v. *Gile,* 50 Wis. 614; *Knights of Honor* v. *Nairn,* 60 Mich. 44.

*C. A. Fosness* and *True & Neal,* for respondents.

A legal heir is an heir by consanguinity and not by affinity, and a statute like Laws 1889, ch. 46, giving rights to a widow does not apply to this case. *Gauch* v. *St. Louis Mut. Life Ins. Co.,* 88 Ill. 251; *Lord* v. *Bourne,* 63 Me. 368; *Tillman* v. *Davis,* 95 N. Y. 17; *Keteltas* v. *Keteltas,* 72 N. Y. 312.

Article 12 of the by-laws of the Association expressly provides that benefits shall be paid to such person or persons as the deceased may have designated to receive the same, as shall appear upon the books of the association. This alone makes such record the best evidence adducible. A beneficiary has no vested rights prior to the death of the assured. Any evidence competent against the assured while living would be competent for like reasons against any person claiming under him after his death. *Bacon* v. *Brotherhood of R. R. Brakemen,* 46 Minn. 303.

Formalities are for the protection of the insurance company and may be modified by office custom or practice, or waived by its acts or deeds in any given case. *Swift* v. *Railway P. & F. C. M. A. & B. Ass'n,* 96 Ill. 309; *Supreme Council Cath. K. of Am.* v. *Morrison,* 16 R. I. 468; *Titsworth* v. *Titsworth,* 40 Kan. 571; *Manning* v. *Ancient O. U. W.,* 86 Ky. 136; *Lund* v. *Wheaton Mill Co.,* 50 Minn 36.

MITCHELL, J. The respondent association is a corporation of a class, now very common, by means of which persons of moderate means may, by payment of small stated assessments, make provision for their families in case of death. While possessing some of the features of ordinary life insurance, it is in fact a mutual aid society. Its expressed object is "aiding and assisting the widows and orphans of deceased members."

Its by-laws provide that: "Every applicant for membership shall designate in his or her application the person or persons to whom, in the event of his or her death, the benefit shall be paid. Any mem-

ber in good standing may change his or her beneficiary or beneficiaries by sending a written application, duly acknowledged before a notary public, to the secretary, and by surrendering his or her certificate, and paying a fee of one dollar. In case such change is approved by the board of managers, the secretary shall issue a new certificate to such member, and no change of beneficiary shall be made in any other way than as herein provided." "Benefits shall be payable at the city of Red Wing, Minnesota, and shall be paid as follows:

(1) To such person or persons as the deceased may have designated to receive the same, as shall appear upon the books of the association.

(2) If such beneficiary or beneficiaries shall die prior to the death of such deceased member, or if no designation has been made, then the benefit shall be paid to the legal heirs or devisees of such deceased member."

The facts found by the court, and amply supported by the evidence, are as follows: In March, 1882, the association accepted one Olaf Hanson as a member, and issued to him a certificate of membership. Neither in his application nor at the time of the issuance of the certificate did Hanson designate the beneficiary or beneficiaries to whom the benefit should be paid. Some time in 1883 or 1884, he appeared in person at the general office of the association, and verbally notified its secretary, one Werner (whom the association in its answer also designates and recognizes as its general manager), that he desired to designate his children Axel, Esther, Gertie, and Christine as the beneficiaries to whom the benefit should be paid, and requested Werner to make such designation. In pursuance of such request, Werner made an entry to that effect in the association's book or record of membership, in the column headed "Certificate in Favor of," and then and there read the entry to Hanson, who then inquired "if there was anything more to do," to which Werner replied, "That is all you need do; that is solid." The validity of this designation was never questioned by either Hanson or the association. The foregoing is the only designation of beneficiaries which Hanson ever made. The certificate issued by the association to Hanson was merely one of membership, and in no way referred to the payment of the benefit, or to whom it was payable; and it does

not appear that there was any by-law requiring such certificate to state the name of the beneficiary in case one is designated. Hanson continued to pay his assessments until 1890, when he died intestate, leaving surviving him, as his heirs or distributees, in addition to the four children named in the foregoing designation, a widow and one other daughter. A controversy having arisen between them as to who were entitled to the money under the certificate, the association, in its answer, merely alleged the facts, and expressed its readiness and willingness to pay the money to the persons entitled to it.

The point is made that even if the designation of beneficiaries was void, yet the widow has no interest in the money, because she is not a "legal heir" of her husband. In view of the expressed purpose of the association, we are of the opinion that the word "heir," as used in the by-laws, is to be construed, not in its technical, common-law sense, but as including all those who succeed to personal property under the statute of distribution, including, of course, the widow. The main question, however, in the case, is whether there was a valid designation of the four children as beneficiaries; the contention of appellants being that it was void because not made in accordance with the requirements of the by-laws as to changing beneficiaries. Appellants' counsel argue that this was not an original designation, but a change, of beneficiaries. We have no occasion to consider whether it would make any difference which of the two it was, but we are clearly of the opinion that, within the contemplation of the by-laws, it was the former.

By the "designation" of a beneficiary, the by-laws evidently refer to the express act of the member specifying and naming some particular person, and by "changing" beneficiaries they refer to the act of naming and specifying some other person or persons in place of those previously designated. According to this construction of the by-laws the act of Hanson was an original designation, and not a change, of beneficiaries, and hence the only departure from the strict requirement of the by-laws was Hanson's designating the beneficiaries verbally after the certificate of membership was issued, instead of doing so in his written application for membership. The requirement of the by-laws in this regard was designed for the protection of the association, the object being that it might have on file authenticated

written evidence as to who were the designated beneficiaries, to whom the benefit should be paid in case of the death of the member. It is a formality which neither goes to the substance of the contract of membership nor affects the expressed object of the association. Therefore, the association might waive it, and, if it did so, those who might prove to be the heirs or legatees of the member at his death cannot be heard to object. The matter was one wholly between the association and the member. This logically follows from the fact that such possible heirs or legatees had no vested right whatever in the benefit during the life of the member. See *Supreme Conclave* v. *Cappella*, 41 Fed. 1. There is nothing inconsistent with this view in *Hall* v. *Merrill*, 47 Minn. 260, (49 N. W. 980.) Not only was that a case of an attempted change of beneficiary, but the association never had waived the requirement of the by-laws, and hence no change was in fact ever effected. Moreover, in that very case the power of the association to waive matters of form was expressly recognized. In the present case the association did waive a written designation in the application for membership, and accepted in place of it a verbal designation, and made the appropriate entry of it in its records,—a thing which the by-laws clearly contemplate being done.

It is urged that it does not appear that the board of managers ever approved this designation. Viewing it as an original designation, and not a change, of beneficiaries, within the meaning of the by-laws, we find nothing in them expressly requiring such approval. But, conceding that this is implied, the fact that such designation stood of record in the book of the association, kept for that express purpose, for so long a time without objection on part of the managers, amounted to an approval. They either knew of it or ought to have known of it, and hence must be presumed to have known of it; and by not objecting they approved. A formal vote was not necessary. See *Durar* v. *Hudson Co. M. Ins. Co.*, 24 N. J. Law, 171; *Phillips* v. *Merrimack M. F. Ins. Co.*, 10 Cush. 350; *Topping* v. *Bickford*, 4 Allen, 120.

Order affirmed.

GILFILLAN, C. J., absent on account of sickness; took no part.

(Opinion published 60 N. W. 1091.)