THOMAS W. SHRYOCK ET AL. V. CELIA V. SHRYOCK ET AL.

FILED MARCH 17, 1897.   No. 7073.

Insurance: MUTUAL BENEFIT ASSOCIATIONS: BENEFICIARIES. A mutual benefit association whose declared object is "to give moral and material aid to its members by assisting them in business," etc.,

and "to establish a benefit fund, from which not exceeding $3,000 shall be paid at the death of a member to whomsoever he shall designate, or if a legatee be not mentioned, then to the heirs at law of the deceased," in the year 1881 issued a certificate of membership to one S. Said certificate is in form similar to those in common use by associations of like character, with the exception of the beneficiary clause, viz.: "It is my will that the benefit fund named in this certificate be paid to —— legal heirs, subject to revocation or assignment at pleasure on presentation of this certificate to the supreme secretary," etc. The insured, about ten years previous to his death, which occurred in the year 1892, intending to make provision for his parents, indorsed said certificate as follows: "Two thousand dollars of this policy to be paid to my father and mother if living at the time of my death. (Signed) W. B. S." In a proceeding by the widow and daughter of the insured against his father and mother to determine the rights of the parties with respect to the fund realized upon said certificate, *held:* (1.) The act of the insured in directing payment to his father and mother was an original designation, and not a change of beneficiaries within the meaning of the certificate and laws of the association. (*Hanson v. Minnesota Scandinavian Relief Ass'n*, 59 Minn., 123.) (2.) Viewing said transactions as a change of beneficiaries, it sufficiently answers the requirements of the certificate and by-laws in that regard. (3.) If it was necessary to present the certificate to the supreme secretary as a condition precedent to the rights of the insured to designate his parents as beneficiaries thereunder, such presentation will be presumed from the designation actually made, accompanied by an intention to provide for the beneficiaries named and the subsequent payment by the insured during his lifetime of assessments for their benefit.

ERROR from the district court of Cass county. Tried below before CHAPMAN, J. *Reversed.*

The opinion contains a statement of the case.

*Beeson & Root,* for plaintiffs in error:

The Equitable Aid Union is a mutual insurance company, and the rules applicable to old-line companies do not apply. (*Masonic Mutual Benefit Society v. Burkhart,* 10 N. E. Rep. [Ind.], 79.)

All a beneficiary has during the lifetime of a member who holds the certificate is a mere expectancy which gives no vested rights, but is subject to the will of the person taking out the insurance. Whenever the will of

the assured is satisfactorily manifested that he desires a change, or has made a change of the beneficiary, no matter in what manner, or by what method, the expectancy of the first designated beneficiary is destroyed, and the money should be paid as directed by the deceased. (*Marsh v. American Legion of Honor*, 21 N. E. Rep. [Mass.], 1070; *In re Breitung's Estate*, 46 N. W. Rep. [Wis.], 891; *Anthony v. Massachusetts Benefit Association*, 33 N. E. Rep. [Mass.], 577; *Chandler's Appeal*, 34 Wis., 505; *Brown v. Mansus*, 5 Atl. Rep. [N. H.], 768; *Chapman v. McIlwrath*, 77 Mo., 38; *Griswold v. Sawyer*, 4 Am. R. & C. Cas. [N. Y.], 98; *Grand Lodge v. Noll*, 51 N. W. Rep. [Mich.], 268; *Schmidt v. Knights of Pythias Ins. Association*, 47 N. W. Rep. [Ia.], 1032.)

*A. N. Sullivan, contra.*

References to question as to change of beneficiary: *Harley v. Heist*, 86 Ind., 196; *Presbyterian Mutual Assurance Fund v. Allen*, 106 Ind., 593; *Duvall v. Goodson*, 79 Ky., 224; *Continental Life Ins. Co. v. Palmer*, 42 Conn., 64; *Union Mutual Aid Association v. Montgomery*, 38 N. W. Rep. [Mich.], 588; *McKinney v. Stewart*, 5 Kan., 392; *Weisner v. Zann*, 39 Wis., 200; *State v. Engle*, 21 N. J. Law, 367; *Bailey v. Bailey*, 25 Mich., 188; *Richards v. Miller*, 62 Ill., 424.

The mention of one method of change of beneficiary excludes all others. (*Holland v. Taylor*, 111 Ind., 127; *Stephenson v. Stephenson*, 64 Ia., 534; *National Mutual Aid Society v. Lupold*, 101 Pa., 111; *Gentry v. Knights of Honor*, 23 Fed. Rep., 718; *Ireland v. Ireland*, 42 Hun [N. Y.], 212; *Knights of Honor v. Nairn*, 60 Mich., 44; *Highland v. Highland*, 109 Ill., 366; *Greeno v. Greeno*, 23 Hun [N. Y.], 478; *Manning v. Supreme Lodge*, 5 S. W. Rep. [Ky.], 385; *Olmsted v. Masonic Mutual Benefit Society*, 37 Kan., 93; *Daniels v. Pratt*, 143 Mass., 216; *Hotel Men's Benefit Association v. Brown*, 33 Fed. Rep., 11; *Coleman v. Knights of Honor*, 18 Mo. App., 189.)

POST, C. J.

This is a petition in error to review a judgment of the district court for Cass county reversing an order of the county court in the settlement of the estate of William B. Shryock, deceased. The primary question of the controversy relates to the disposition of the sum of $2,805, the proceeds of a certificate of membership held by deceased in the Equitable Aid Union, a benevolent fraternal society issuing insurance to members thereof upon the so-called asssessment plan. The object of the order named, according to its constitution, which was introduced in evidence, is " * * * 4. To give all moral and material aid in its power to members, by assisting each other in business, in obtaining employment, and in sickness. 5. To establish a benefit fund, from which not exceeding $3,000 shall be paid at the death of a member to whomsoever the member shall designate, or if a legatee be not mentioned, then to the heirs at law of the deceased." The certificate in question bears date of February 26, 1881, and is in form substantially similar to those in common use by fraternal and mutual benefit associations, with the exception of the beneficiary clause, which reads as follows:

"*To the Officers and Members of the Supreme Union, E. A. U.:* It is my will that the benefit fund named in this certificate be paid to —— legal heirs, subject to revocation or assignment at pleasure on presentation of this certificate to the supreme secretary of the Equitable Aid Union.          WILLIAM SHRYOCK."

The deceased, who was at the date of said certificate a single man, subsequently married the defendant in error, Celia V. Shryock, and from which union was born the latter's co-defendant, her infant daughter, Lillian J. Shryock. Deceased, previous to his marriage, and ten years or more before his death, over his own signature indorsed said certificate as follows:

"Two thousand dollars of this policy to be paid to my father and mother if living at the time of my death.

"WM. B. SHRYOCK."

It does not appear affirmatively that the certificate was presented to the supreme secretary upon the execution of the foregoing direction, and the presumption arising from the facts stated will be considered in another connection. The deceased left a will, executed a short time before his death, containing this, among other provisions: "After paying my debts, I wish the following disposition to be made of my property and life insurance: One thousand dollars to be paid to my mother and one thousand dollars to be paid to my father." Said will having been proved as provided by law, the said Celia V. Shryock, Thomas W. Shryock, and Frank E. White in due form qualified as executors, and who, as such executors, subsequently received from the Equitable Aid Union the benefit fund in controversy. The issues below were presented by the separate petitions of the said Celia V. Shryock, in her own right and as guardian of her infant daughter, Lillian J. Shryock, as heirs at law of the deceased, praying to be declared the beneficiaries under and by virtue of the certificate of insurance above mentioned, and for a decree confirming their title in equal shares to the proceeds thereof in the hands of the executors. The plaintiffs in error, Thomas W. Shryock and Rachel A. Shryock, who are the father and mother of the deceased, filed answers, each asserting a claim to $1,000 of the fund in controversy as beneficiaries under said certificate by virtue of the written direction thereon above set out, and also by reason of the foregoing provision of the last will of the deceased. They alleged, also, certain facts by reason of which, it is argued, defendants in error are now estopped to claim any part of the fund in question, although that contention, in view of the conclusion we are constrained to adopt respecting the other questions stated, will not be noticed further. There was also a proceeding instituted by defendants in error for the removal of the said

Celia V. Shryock as executrix, on account of the alleged
contumacy of the latter in refusing to join with the said
Thomas W. Shryock and Frank E. White in signing
checks in payment of claims allowed against the estate.
The county court found upon all of the issues thus joined
for the plaintiffs in error, adjudging them to be entitled
to the sum of $1,000 each out of said fund, and entered
an order removing the said Celia V. Shryock from her
trust as executrix, etc.    On appeal from said orders to
the district court, the several proceedings having been
consolidated by agreement of parties, a trial was had
upon the issues herein stated, which, as we have seen,
resulted in a finding and judgment for the defendants
in error upon all of such issues, and from which the said
Thomas W. Shryock and Rachel A. Shryock prosecute
error.

In determining the rights of the respective claimants
to the fund in question we may dismiss from our consid-
eration the provision made for plaintiffs in error by last
will of the deceased.    It is clearly established by the
evidence that the latter had, at the time of the execution
of his said will, $7,000 or upwards of life insurance, sub-
ject to testamentary disposition, beside other property,
real and personal, of considerable value; so that it cannot
by any permissible construction of said provision be held
to convey an interest in this particular policy or certifi-
cate of insurance to the exclusion of others.    This ob-
servation leads to the second and most important subject
of inquiry, viz., the effect of the deceased's attempt to
designate his father and mother as beneficiaries under
the certificate of insurance.    That his intention was to so
designate them to the extent of $1,000 each is apparent
from the written indorsement and attending circum-
stances, as to which there is no dispute.    Counsel for
defendants in error frankly admits that the rules govern-
ing life insurance companies proper have no application
to mutual benefit associations in respect to the change
of beneficiaries.    But the right to make such a change,

it is contended, rests upon contract, and can be exercised only upon the conditions and in the manner prescribed by the certificate of membership and laws of the association. There are, it must be conceded, authorities which appear to support that contention, while others, equal in point of number and respectability, hold that conditions of the character indicated are imposed for the protection of the association, and when it chooses to waive the prescribed formalities a third party will not be heard to complain. We are, however, spared the necessity of reviewing at this time the decisions upon the subject, or of choosing between the conflicting and apparently irreconcilable views therein expressed, first, because the act of deceased in directing payment to plaintiffs in error was not, in our judgment, a change of beneficiaries, but an original designation thereof; second, assuming that it was necessary to present the certificate to the supreme secretary before the rights of plaintiffs in error would attach as beneficiaries thereunder, such presentation will be presumed, in the absence of evidence to the contrary, from the period of ten years and more which elapsed between the date of such designation and the death of the said William B. Shryock. In *Hanson v. Minnesota Scandinavian Relief Association*, 59 Minn., 123, which was a proceeding in the nature of a bill of interpleader; the law of the association provided for payment of benefits to "such person or persons as the deceased may have designated to receive the same, as the same shall appear upon the books of the association," and * * * "if no designation has been made, then the benefit shall be paid to the legal heirs or devisees of such deceased member." It was also provided that every applicant should designate in his application the person or persons to whom, in case of his death, the benefit should be paid, and that any member in good standing might change his beneficiary by sending to the secretary a written application therefor, duly acknowledged before a notary public, and paying a fee of $1.00. It was further

provided that in case such change was approved by the board of managers, a new certificate should be issued to such member, and that no change of beneficiaries should be made in any other manner than as therein provided.    One H., in the month of March, 1882, applied to become a member of the association, and upon being accepted as such received a certificate of membership, without having designated a beneficiary.    Some time in the year 1883 or 1884 the insured called in person at the office of the association and verbally notified the general manager that he had designated his four children as his beneficiaries, to whom payment should be made, in case of his death, of the fund realized upon his certificate, of which an entry was made in the books of the association.    H. died in the year 1890, leaving surviving him, in addition to the children designated by him as beneficiaries under his certificate of insurance, a widow and daughter.    The question therein was, as in this case, the effect of the attempted designation by the deceased of the children, who claimed as his beneficiaries, and the court, by Mitchell, J., referring to that subject, say: "By the 'designation' of a beneficiary, the by-laws evidently refer to the express act of the member specifying and naming some particular person, and by 'changing' beneficiaries they refer to the act of naming and specifying some other person or persons in place of those previously designated. According to this construction of the by-laws, the act of Hanson was an original designation, and not a change of beneficiaries."    With the conclusion reached in that case, which is, it must be conceded, directly in point, we are entirely satisfied, and accordingly hold that the provision by the deceased for the plaintiffs in error, his parents, was in no sense a change of beneficiaries, but an original designation thereof within the meaning of the certificate and constitution of the Equitable Aid Union. But viewing the transaction in question as a change of beneficiaries, it sufficiently answers the requirements of the certificate and laws of the association, which, unlike

any other to which our attention has been called, prescribe no conditions to the exercise by the insured of his right in that regard, except the presentation of his certificate to the supreme secretary. Granting such presentation to have been a condition precedent to the right of deceased to designate plaintiffs in error as beneficiaries, it should, we think, be presumed from the designation in fact made, accompanied by the intention to provide for them and the subsequent payment of assessments for their benefit during the lifetime of the deceased. (2 Wharton, Evidence, sec. 1320; Lawson, Presumptive Evidence, p. 67 *et seq.;* 1 Jones, Evidence, sec. 51.)

As regards the order removing Mrs. Shryock from her trust as executrix, we quite agree with counsel that the judgment of the district court is right and should be affirmed. There is, so far as we can discover, no pretense whatever of misconduct on her part, aside from her refusal to dissipate the fund she was in good faith claiming in her own right, and in behalf of her infant daughter, until advised touching her duty in the premises by order of the court. It requires no argument to prove that such fact does not amount to a breach of her trust for which she was removable on the motion of the county court or the complaint of her co-executors. The judgment is, however, reversed so far as it relates to the disposition of the fund in controversy, and the cause remanded to the district court for further proceedings therein not inconsistent with this opinion.

REVERSED.