CHRISTIAN H. WRIGHT v. WULF C. KRABBENHOFT.[1]

June 19, 1908.

Nos. 15,565—(110).

**Amendment of Judgment.**

Where a cause is submitted to the trial court for decision upon a stip-
ulation of facts covering certain, but not all, the issues made by the plead-
ings, thereby eliminating from determination the issues not covered, and
by inadvertence or mistake the court in its findings and judgment deter-
mines the issues so excluded, in addition to those submitted by the stipu-
lation, the findings and judgment may, on motion, be amended and made
to express the intention of the parties.

Action in the district court for Clay county to establish the location
of a quarter post and to determine the boundary line between the
land of the respective parties. The parties stipulated in open court
as to the exact location of the quarter corner, but did not stipulate re-
garding the line between their land. The court made findings, and
judgment was entered thereon as stated in the opinion. From an
order, Baxter, J., denying plaintiff's motion to amend the findings and
judgment, plaintiff appealed. Reversed and remanded.

*C. A. Nye,* for appellant.
*F. H. Peterson,* for respondent.

BROWN, J.

This action was brought under the statute (R. L. 1905, § 4454) to
establish and locate the quarter corner between the subdivisions of
land owned by the respective parties and to determine the boundary
line between their adjoining farms; the original corner, as located
by the government survey, and the boundary line, having become ob-
literated and lost. Prior to the commencement of the action the town
board of supervisors of the town in which the land is located had caus-
ed a survey thereof to be made, and the surveyor employed by them
had located what he claimed to be the true quarter corner in dispute.

[1] Reported in 116 N. W. 940.

When the cause came on for trial it was submitted to the court for determination upon the pleadings and the following stipulation of facts, namely:

1. That the quarter corner in question, as established by the government survey, had become lost.

2. That the survey made under the directions of the town board of supervisors located the disputed corner at a point "equidistant between the corner of sections sixteen (16), seventeen (17), twenty (20), and twenty-one (21), and the corner of sections eight (8), nine (9), sixteen (16), and seventeen (17), and two thousand six hundred thirty-two (2,-632) feet north of the section corner between sections sixteen (16), seventeen (17), twenty (20), and twenty-one (21)" and

3. "That said quarter corner as established by said survey of the town board * * * is the true quarter corner between said sections sixteen (16) and seventeen (17)."

The stipulation of facts made no reference to the boundary line between the farms of the parties; nor, so far as the record discloses, was any evidence offered tending to show that the parties were or were not bound by the government line, though an issue was made thereon by the pleadings. The court thereafter made findings embodying the facts stipulated, and the plaintiff claims went beyond the stipulation and expressly found and established the boundary line between the adjoining farms. Judgment was entered, following the findings, and not only fixed and located the disputed quarter corner, but established and located the boundary line referred to. This resulted in giving defendant a wedge-shaped strip of land along his south line of which plaintiff had for a number of years been in possession, under a claim that the true boundary line was not at the point fixed by the survey or the judgment of the court. It was his claim that, if the town board survey located the true line, the line claimed by him, and with reference to which he had occupied and improved his land, had become fixed by acquiescence of the parties, and that he had acquired title to this wedge-shaped strip of land by adverse possession.

Thereafter defendant brought an action in ejectment against plaintiff for the strip of land mentioned, which resulted in a judgment awarding it to defendant. Defendant's right to the land was based

in the main upon the judgment in this action. Krabbenhoft v. Wright,. 101 Minn. 356, 112 N. W. 421. We there held that the judgment determining the boundary line was conclusive of the rights of the parties in the adjoining land, so long as it remained of record unmodified. After that action had been remanded to the court below, plaintiff in this action moved the court to eliminate from the findings and judgment herein ' all reference to the boundary line, and to modify the same so as to confine it to the establishment of the quarter corner in dispute, as stipulated by the parties on the trial. The motion was denied by the trial court solely on the ground, stated in the order,. that plaintiff was not entitled to the relief as a legal right and that. the court had no discretion to grant it.

We are of opinion that the learned trial court was in error in not disposing of the motion on its merits. If, as plaintiff contends, the findings and judgment went beyond the facts agreed .upon and determined a question not covered or intended to be covered by the stipulation upon which the cause was submitted for decision, viz.; the boundary line, plaintiff had the right on discovering the fact to appropriate relief, and his remedy was by motion. McClure v. Bruck, 43 Minn. 305, 45 N. W. 438; Hall v. Merrill, 47 Minn. 260, 49 N. W. 980; Nell v. Dayton, 47 Minn. 258, 49 N. W. 981; Chase v. Whitten, 62 Minn. 498, 65 N. W. 84; Cochrane v. Halsey, 25 Minn. 52; Elliott, Minn. Pr. 324. Nor was his right to the relief, if proper to be granted on the facts, there being no intervening rights of third persons, lost by the delay in making his motion. Stocking v. Hanson, 35 Minn. 207, 28 N. W. 507; McClure v. Bruck, 43 Minn. 305, 45 N. W. 438.

While the boundary line was made an issue by the pleadings, as well as the location of the disputed quarter corner, it is clear that the parties had the right to eliminate that issue and confine the judgment to be entered to the location of the lost corner. If that was in fact their intention, it appears quite clearly that by some inadvertence or mistake the findings and judgment went beyond the stipulation, and to that extent were unauthorized and may be modified. We held, in construing this judgment (101 Minn. 356, 112 N. W. 421), that the determination of the boundary line in effect adjudicated finally the rights of the parties in and to the adjoining land up to the line so established; but such would not have been the conclusion, had the

judgment been limited to the mere establishment of the lost corner. So that, if the fact be that the findings and judgment exceed the relief intended by the parties in their stipulation, plaintiff's motion may to that extent be granted. We express no opinion, however, on the facts. The question whether the motion should be granted, and, if so, to what extent, is a question which must in the first instance be passed upon by the trial court.

Order reversed, and the cause remanded for further proceedings in harmony with the views herein expressed.