## C. E. SPEER v. FRED W. KRAMER.[1]

June 10, 1927.

No. 26,177.

**After decision in former action that plaintiff was the owner, proper to strike out defendant's answer as sham.**

In a former action to determine boundaries judgment was entered adjudging the plaintiff to be the owner of a government subdivision of land. In the present action of ejectment the defendant alleges that he has title by adverse possession to a portion of the government subdivision. It is *held* that the judgment in the former action is a bar and that the title is res adjudicata. The defendant's answer was rightly stricken as sham.

Judgments, 34 C. J. p. 938 n. 67.
Pleading, 31 Cyc. p. 625 n. 96.

[1]Reported in 214 N. W. 283.

Defendant appealed from an order of the district court for Renville county, Qvale, J., striking his answer as sham. Affirmed.

C. D. Bensel and W. W. Merrill, for appellant.

Daly & Barnard, for respondent.

DIBELL, J.

Action in ejectment. On motion of the plaintiff the answer was stricken as sham. The defendant appeals.

The complaint alleges that the plaintiff is the owner of the south one-half of the southwest quarter of section 1-116-38 in Renville county; that the defendant is the owner of the eighty to the north and the eighty to the east; and that the defendant is in possession of a strip of land along the north side of the plaintiff's eighty 16 feet wide at the west and 25 feet on the east, and of a strip along the east side 25 feet wide at the north and 4 feet wide at the south. The answer alleges that the defendant is in possession and the owner by adverse possession of the two strips of land.

It appears from the affidavits used on the motion and the records of a former action between the parties to determine boundary lines, under G. S. 1923, § 9590, et seq., that judgment was entered on November 30, 1926, adjudging the plaintiff to be the owner of the south eighty and determining the boundary lines to the north and east. The defendant now claims that he owns the two narrow strips by adverse possession. He claims that ownership by adverse possession was not in issue in the boundary case. Title by adverse possession may be proved under a general averment of ownership. McArthur v. Clark, 86 Minn. 165, 90 N. W. 369, 91 Am. St. 333; Sawbridge v. City of Fergus Falls, 101 Minn. 378, 112 N. W. 385. In the boundary action the defendant admitted title in plaintiff. He could have asserted his title by adverse possession under a general allegation of ownership, or he could have alleged a specific title by adverse possession. Stadin v. Helin, 76 Minn. 496, 79 N. W. 537. The statutory action to determine boundaries contemplates the settlement of title. Stadin v. Helin, 76 Minn. 496, 79 N. W. 537; Krabbenhoft v. Wright, 101 Minn. 356, 112 N. W. 421. The rule stated in

Krabbenhoft v. Wright, 101 Minn. 356, 112 N. W. 421, precludes the assertion of title by adverse possession after the adjudication in the boundary suit. The judgment is a bar and the title is res adjudicata. The answer was rightly stricken.

Order affirmed.