## WILLARD HODSON v. OTTO HAMMER.[1]

November 10, 1949.

No. 34,973.

[1]Reported in 39 N. W. (2d) 601.

*Ray C. Lewis,* for appellant.
*C. U. Landrum,* for respondent.

LORING, CHIEF JUSTICE.

This was an action under M. S. A. 559.01 to determine adverse claims to property in lots 2 and 3, section 10, township 139 north, range 39 west, Becker county, in which plaintiff prevailed, basing his claim to title entirely upon a previous judgment rendered in 1942 in a case in which he was a party defendant and Clara McGrew, defendant Hammer's predecessor in interest, was plaintiff. In the case at bar, both plaintiff (Hodson) and defendant (Hammer) rely exclusively upon the judgment in the McGrew case. They disagree as to the scope and effect of the judgment.

In that case, Clara McGrew, alleging ownership of lots 1 and 2 in section 10, brought an action under § 559.23 to determine the boundary line between lots 2 and 3. She also alleged that some of the lands she described as hers were in the possession of various defendants, among them this plaintiff, Willard Hodson, whose land she alleged to be rightly described as follows:

"Beginning One Hundred Ninety (190) feet West of the Northeast corner of Lot Numbered Three (3); thence West Two Hundred Forty (240) feet; thence South Two Hundred (200) feet; thence East Two Hundred Twenty-five (225) feet; thence North to beginning, in Section Numbered Ten (10), Township Numbered One Hundred Thirty-nine (139), Range Numbered Thirty-nine (39), in Becker County, Minnesota."

She described with particularity by metes and bounds all the lands she alleged were owned and possessed by each of the defendants. In every case without exception, so far as section 10 was concerned, defendants' lands, including Hodson's, were described as being in

lot 3. Hodson in his answer admitted ownership as she described it, and, in conjunction with his codefendant Clarence Wright, asserted that the true boundary between their property and Mrs. McGrew's depended upon the location of the southwest corner of section 10.[2]

The court in the McGrew case, after the finding that plaintiff in that action was the owner of lots 1 and 2 in section 10 and that defendants in that action were the owners of lands to the west and south of plaintiff's lands "as more particularly alleged in paragraphs 2, 3, 4, 5, 6, 7, 8, and 9, of the complaint," further found that the west boundary line of lot 2 was 32 feet farther east than a line previously known as the "Larson line." The Larson line may have been the line claimed by Mrs. McGrew as the correct line, but it was not so alleged in her complaint. She merely alleged that the boundary was in dispute.

After disposing of the disputed boundary, the court in that case found:

"7. Defendants and their grantors have been in continuous, actual, notorious and exclusive possession of their respective tracts of land, *as described in the complaint herein* and as bounded on the east and south by the long established one-sixteenth line [the west

---

[2]Paragraphs IV and V of their answer were as follows:

"IV.

"Specifically allege that for the past 31 years the boundary line between plaintiff's and defendants' premises has been mutually recognized as the true and correct boundary line by the parties hereto and their predecessors in title.

"V.

"Allege that the true location of the boundary between the said tracts of land is dependent upon the location of the section corner at the

"Southwest corner of Section Numbered Ten (10), Township One Hundred Thirty-nine (139) North, Range Thirty-nine (39) West of the 5th P. M. in Becker County, Minnesota."

Reading the answer as a whole, "said tracts of land" in paragraph V can only refer to "premises" in paragraph IV. Hence, the pleadings have raised only the issue of the location of the boundary line.

line of lot 2, the east line of lot 3] and the existing south line fence [not here involved], for more than fifteen years, and each has acquired title to that *portion now disputed* by this plaintiff by adverse possession." (Italics supplied.)

The "portion now disputed" was the 32 feet lying east of the Larson line and west of the boundary between lots 2 and 3, as fixed by the court therein.

■ Judgment was entered with reference to the boundary, followed by the provision:

"Defendants have acquired title to their respective properties by adverse possession, continuing for more than fifteen years last past."

It is upon this paragraph in the judgment that plaintiff depends for support of his contention in the case at bar that that provision gives him title to any land which he was occupying at the time of the McGrew judgment, whether in lot 3 or in lot 2. In the McGrew case, however, not a word was said in the complaint, Hodson's answer, the findings or conclusions, or in the judgment with reference to any land in lot 2, except as the proper location of its western boundary was involved. In the case at bar, plaintiff claims that he was at that time in actual occupation of a tract of land which includes an area some 272 feet long by 91.8 feet wide, lying along the east side of the western boundary of lot 2, as fixed by the court, although that tract is a part of lot 2, found by the court in the McGrew action to belong to Mrs. McGrew.

The terms of the judgment interpreted in the light of the findings, conclusions, and their reference to the complaint leave no doubt as to what was determined. The scope of the judgment is clear. Although Clara McGrew in her complaint admitted that some of the land "touching the boundary line" (the disputed boundary) was in possession of defendants, her allegation of title to lot 2 was not put in issue therein by Hodson by an allegation of adverse possession or otherwise. His contention, as set out in his answer, was that the true boundary depended upon the location of the section corner. When the judgment established the boundary by

fixing the line 32 feet farther east than the "Larson line," it gave him all he was pleading for and settled the rights of the parties in that action to the 32-foot strip thus determined to be a part of lot 3. Hence it is clear, from what was before the court, that the conclusions of law that "Defendants have acquired title to their respective properties by adverse possession" referred to this 32-foot strip; otherwise there would have been no unqualified finding that Clara McGrew owned lot 2.

Section 559.23,[3] under which the McGrew suit was brought, was R. L. 1905, § 4454, which was before this court in Krabbenhoft v. Wright, 101 Minn. 356, 358, 112 N. W. 421, 422, where, in commenting upon the purpose and scope of this section, this court said:

"* * * The object of the act was not alone the academical one of determining boundary lines, but the practical one of settling the controversies between all possible parties concerning both ownership and boundary lines. Accordingly in the original case between these parties the court adjudicated that they owned, respectively, the northeast and the southeast quarters of a given section, and that a certain line, sufficiently described, constituted the boundary between them. That judgment ended the whole dispute between these parties. If either had any adverse right to the land claimed by each owner, he should have asserted it in that action. *If it was not so asserted, it was waived.* The cause of action therein adjudicated was the right of each party to the land and the exact location

---

[3]"An action may be brought by any person owning land or any interest therein against the owner, or persons interested in adjoining land, to have the boundary lines established; and when the boundary lines of two or more tracts depend upon any common point, line, or landmark, an action may be brought by the owner or any person interested in any of such tracts, against the owners or persons interested in the other tracts, to have all the boundary lines established. *The court shall determine any adverse claims in respect to any portion of the land involved which it may be necessary to determine for a complete settlement of the boundary lines, and shall make such order respecting costs and disbursements as it shall deem just.*" (Italics supplied.)

of the boundary line. The controversy between the parties in the present action is therefore res adjudicata." (Italics supplied.)

That interpretation of the statute and its effect has stood for 42 years, without legislative disapproval. It is true that in the subsequent case of Wright v. Krabbenhoft, 104 Minn. 460, 116 N. W. 940, the court allowed plaintiff to demonstrate that the original judgment in the district court, which in Krabbenhoft v. Wright, 101 Minn. 356, 112 N. W. 421, was held to be *res judicata*, could be seasonably attacked by motion in that action to show that as a matter of fact the boundary line was eliminated from consideration in the district court by stipulation of the parties and that the original judgment in the district court was entered contrary to that stipulation, which eliminated all other issues except the correct position of the quarter corner there involved, and that, such being the case, the judgment was entered in the district court by mistake and inadvertence. In the case at bar, there is no such situation presented. Krabbenhoft v. Wright, *supra,* clearly states the law applicable where, as here, both parties and the trial court relied upon the judgment in the prior case and where its scope and effect were clear. If the present plaintiff, as defendant in that action, had possession of any land in lot 2 east of the boundary fixed by the court, he should have asserted it in that action. Speer v. Kramer, 171 Minn. 488, 214 N. W. 283. Failure to do so amounted to a waiver in favor of Mrs. McGrew, whose contention that she owned lot 2 was supported by the court's finding.

■ Apparently, the trial court assumed that the McGrew judgment was in error. His assumption, however, is not supported by the McGrew record. Plaintiff's contention that the trial court merely construed the prior judgment is, in effect, an effort to amend and elaborate the judgment to cover a matter not at issue. This amounts to a collateral attack thereon and cannot be entertained herein. Robertson v. Davidson, 14 Minn. 422 (554); Hayes v. Shaw, 20 Minn. 355 (405); Stocking v. Hanson, 22 Minn. 542; Dean v. Rees, 208 Minn. 38, 292 N. W. 765; 3 Dunnell, Dig. & Supp. 5145; 1 Freeman, Judgments (5 ed.) § 306.

The judgment is reversed with directions to enter judgment for defendant.

