## Henry L. Hemingway v. William Peter.

*Payment after suit brought: Plea puis darrein continuance: Judgment: Costs.*
In an action of assumpsit, upon the money counts and a promissory note, where the judge, upon a trial by the court without a jury, upon a plea *puis darrein continuance*, alleging the payment and satisfaction of the note since the commencement of the suit, has found as a fact, that the defendant undertook and promised, etc., and that the plaintiff had sustained damages on occasion thereof, but no damages were ascertained and assessed, and the finding is silent on the amount of damages, a judgment on such finding upon over-

ruling such plea, that the plaintiff recover his costs to be taxed, up to and including the notice of trial, is erroneous. No final judgment as to costs can be regularly given until the amount of damages is found.

*Heard July 6. Decided July 9..*

Error to Lapeer Circuit. ·

*William Hemingway,* for plaintiff in error.

*J. M. Wattles* and *C. A. Kent,* for defendant in error.

GRAVES, J.

This was assumpsit against the plaintiff in error. The declaration contained the common and money counts, and also the usual notice that a promissory note, of which a copy was set forth, would be given in evidence under the latter counts.

The plaintiff in error first pleaded the general issue, but at a subsequent date he alleged, by plea *puis darrein continuance,* that the note had been paid and satisfied.

The case being heard by the court without a jury, the judge found, as matter of fact, that the defendant undertook and promised, in manner and form as the plaintiff in his declaration complained, and that the plaintiff had sustained damages on occasion of the premises. No damages, however, were ascertained and assessed. Upon the amount of damages the finding was silent.

The court proceeded after this finding to adjudge that the plea *puis darrein continuance* should be overruled, and that the plaintiff should recover his costs in the cause, to be taxed, up to and including the notice of trial.

The judgment is clearly wrong. The finding, which is in the nature of a verdict, is incomplete and imperfect. Whilst it finds that the plaintiff sustained damage, it fails to find any sum, or any facts pointing to any specific sum

or amount. When it is ascertained that the plaintiff has sustained damages, a step has been taken towards final judgment, but until the amount of the damages has been ascertained there can be no proper basis for such a judgment.

In some cases the question as to which party costs should be given, is made to depend upon the amount of damages to which the plaintiff may be entitled. It has been urged, and not denied, that this is one of those cases. Wherever that rule is applicable, it is evident that no final judgment as to costs can be regularly given until the amount of damages is found. For, until that is ascertained, it cannot be determined which party is to pay, and which recover, costs. If this point is well taken, it furnishes an additional objection against the judgment. The record does not disclose upon what grounds the plea, *puis darrein continuance,* was overruled, and we are not able to conjecture any. As the case is now presented, this point is unimportant.

The judgment. must be reversed, with costs, and a new trial ordered.

CAMPBELL and COOLEY, JJ., concurred.

CHRISTIANCY, CH. J., did not sit in this case.