HERMAN MILLER and Another v. JEREMIAH HOGAN.[1]

November 12, 1900.

Nos. 12,351—(56).

**Amendment of Verdict.**

> The right of a trial court to amend and correct verdicts is limited to such amendments and corrections as tend to make them conform to the intention of the jury. Such court cannot in any case, by an order amending a verdict, substitute its conclusions upon questions of fact for those found by the jury.

**Boundary Line—Modification of Verdict.**

> In this action (one to determine the boundary line between adjoining tracts of land) the jury returned a verdict fixing a definite location of such line. The trial court thereafter, upon defendant's motion for a new trial, ordered that the motion be granted unless plaintiff should consent to a modification of the verdict, and stipulate to an amendment thereof by striking therefrom the line found by the jury, and inserting in lieu thereof a line designated by the court. *Held* error. The court had no power to make such an order.

Appeal by defendant from an order of the district court for Waseca county, Buckham, J., denying a motion for a new trial. Reversed.

*John Moonan,* for appellant.

*A. J. O'Grady,* for respondents.

BROWN, J.

The object of this action is to determine the boundary line between the adjoining farms of the respective parties. The cause was tried in the court below before a jury, and a verdict returned which

[1] Reported in 84 N. W. 40.

specifically designated and described the line in dispute. The defendant moved the court for a new trial on the ground that the verdict was not justified by the evidence, and the court made an order granting the motion unless plaintiffs should consent that the verdict be amended and modified as specified in the order. That portion of the order is as follows:

"Ordered, that such motion be, and the same hereby is, granted unless the plaintiff shall  *  *  *  file  *  *  *  a stipulation consenting that the verdict as returned by the jury be altered and amended so that where it now reads, 'thence east to Lake Elysian, to a point thirty feet south of the east end of said fence,' it shall read, 'thence east to Lake Elysian, to a point twenty-six links south of the east end of said fence,' and that, if such stipulation be so filed, the motion for a new trial be denied."

The plaintiffs accepted the terms of the order, filed the stipulation consenting to the modification of the verdict, and defendant appeals.

It appears from the order appealed from that the court below was of the opinion that the verdict was unsupported by the evidence. An examination of the evidence contained in the record satisfies us that the court was right in that conclusion. Though there may be some evidence to support the jury, the great weight of evidence is against their conclusion. The court was therefore right in granting a new trial. It should, however, have been granted absolutely, and not conditioned upon plaintiffs' consent to an amendment of the verdict. The effort of the learned trial judge to induce the parties to cease quarreling over a matter of no great pecuniary consequence to either was worthy their serious consideration, though he adopted means to that end not strictly justified as a matter of law. He had no power to amend the verdict to the extent covered by the order.

Although the right of the court to amend and correct verdicts as to matters of form, and perhaps, in instances, as to substance, is generally recognized and upheld, such right is limited to such amendments and corrections as tend to make the verdict conform to the intention of the jury. The fundamental law of the land will not sanction or warrant the exercise of such right for any other purpose. The court cannot in any case substitute its conclusions upon questions of fact for those found by the jury. 2 Thompson, Trials, §

2642; Proffatt, Jury, § 463; Dana v. Farrington, 4 Minn. 335 (433). The furthest this court has ever gone in this direction has been to uphold and approve of the reduction of verdicts when deemed excessive in amount. And in doing so the court has proceeded on the theory that the verdicts in such cases, as to all issues of fact, were right and free from error, except that the jury overreached and exceeded the proper limit in assessing the damages. But, as to issues and questions of fact determined by the jury upon conflicting evidence, the most the court can do in any case is to set the verdict aside and order a new trial, or, when warranted by the evidence and law of the case, order final judgment notwithstanding the same. The verdict cannot be amended to the extent attempted in this case.

The verdict as returned by the jury fixed and established the boundary line in dispute, definitely and particularly describing it. The line fixed by the court is a distinct departure from that found by the jury, and is a substitution of the conclusions reached by the court, from its view of the evidence, for those of the jury. Defendant cannot be compelled or required to submit to the substituted verdict, and the order appealed from cannot be sustained. And as it appears therefrom, and from the record as well, that the verdict of the jury is not sustained by the evidence, a new trial must be granted.

Order reversed and a new trial granted.