### LONG *v.* WAYNE CIRCUIT JUDGE.

MANDAMUS—VERDICT—UNCERTAINTY—JUDGMENT.

*Mandamus* will not issue to compel a circuit judge to enter a judgment against the estate of a deceased person for a specific amount upon a sealed verdict "for the full value of the estate;" the evidence as to the value of the estate being conflicting, and it being uncertain whether the value before or after the deduction of other debts and expenses of administration was meant.

*Mandamus* by Douglas C. Long to compel Henry A. Mandell, circuit judge of Wayne county, to render a judgment upon a verdict. Submitted January 5, 1904. ( Calendar No. 20,289.) Writ denied March 8, 1904.

*Thomas A. E. Weadock*, for relator.

*Chamberlain, Guise & Turner*, for respondent.

MOORE, C. J. The relator asks for a *mandamus* to compel the respondent to render a judgment for $6,290.61 upon a verdict rendered in his favor in the matter of a claim presented by him against the estate of Laura A. Deacon, deceased. According to his petition made in this court, he presented in the probate court a claim against said estate for a sum equal to the entire estate left by Laura A. Deacon, estimated to be worth $20,000. The claim was allowed at $500. An appeal was taken to the circuit court, and a trial had by jury. Upon the trial, according to the petition and the return of the respondent, the only evidence of the value of said estate was the appraisal made in the probate court, which was received

in evidence, showing the value of the real estate was $4,100 and the personal estate $790.61, and the testimony of R. E. Wardell, who testified the real estate was worth $5,500.

By direction of the court, after consent of counsel, the jury, in the absence of the judge, returned to the clerk a sealed verdict. This verdict was as follows: "We find for the claimant for the full value of the estate." The verdict was entered by the clerk "at the sum of the full amount of the estate." The verdict was rendered June 16, 1903. The circuit judge and counsel were none of them present when it was rendered. June 18, 1903, one of the counsel for the claimant appeared in court before the circuit judge and requested orally that the verdict be made certain and judgment rendered thereon. The verdict was not then corrected, and soon thereafter the jury was discharged for the term. In September a motion was made and argued asking the circuit judge to render a judgment upon the verdict for $6,290.61. In November, 1903, the circuit judge denied the motion. In his return he states he did so because to render a judgment upon the verdict would be to usurp the functions of the jury.

The relator claims the statute of amendments (3 Comp. Laws, §§ 10268, 10272) applies, and as the jury found for the claimant for the full amount of the estate, and as the proofs show the value of the estate, and only requires a computation to fix the amount thereof, judgment should have been entered upon the verdict. We have no doubt, if the proposition were as simple as stated above, it would have been the duty of the trial judge to render a judgment upon the verdict. According to the appraisal, which was received in evidence, the real estate was worth but $4,100, which, added to the personal estate,— $790.61,— made the value of the estate $4,890.61; while the testimony of Mr. Wardell would make it $1,400 more, or the sum of $6,290.61, the amount for which relator claims judgment should be entered in his favor. Had the jury rendered a verdict for the lesser amount, that verdict would

have been justified by the evidence, and who can say which of these amounts the jury had in mind when it returned the verdict it did ?

It is now said by counsel that, rather than be put to the expense of a new trial, they will consent to a judgment for the smaller amount. To do this would present a different question from the one presented to the trial judge.

There is another difficulty in deciding what the jury had in mind when they returned this verdict. Did they mean the relator should have a judgment for an amount equal to the full value of the estate, regardless of the debts and expenses of administration, or did they intend the verdict to be for an amount equal to its value after the debts, other than the claim of relator, and the expenses of administration had been paid ? We think the verdict was uncertain and indefinite. See Hemingway v. Peter, 25 Mich. 202; Miller v. Hogan, 81 Minn. 312 (84 N. W. 40); Lake v. Hardee, 57 Ga. 459; Gaither v. Wilmer, 71 Md. 361 (18 Atl. 590, 5 L. R. A. 756, 17 Am. St. Rep. 542).

The application for the writ is denied.

GRANT and MONTGOMERY, JJ., concurred with MOORE, C. J.

HOOKER, J. I concur in the denial of this writ upon the ground that the record does not show what issue was presented to the jury, and we cannot tell what kind of an order the claimant is entitled to under the verdict. Upon the inference drawn from the briefs, that this verdict was upon a claim that the deceased was under contract to will her property to the claimant, subject to the debts and expenses of administration, he would be entitled to the residuum only, and, upon an issue clearly showing that such was the claim, we see no difficulty in the entry and certification by the circuit court of such an order as would carry out the verdict. Apparently, however, the claimant's counsel is now asking, not for a residuum, but for an order that shall make his client a creditor of the deceased, and his judgment an unqualified one, entitled to share the

estate (or a dividend thereof, if not sufficient to pay the debts) with other creditors. The record before us does not satisfy us that the case was submitted upon such a theory only, and we cannot therefore determine that the jury so found.

CARPENTER, J., did not sit.