, IOWA LOAN & TRUST COMPANY, APPELLEE, v. CURTIS S. GREENMAN, IMPLEADED WITH S. A. ROE, APPELLANT.

FILED DECEMBER 18, 1901.  No. 10,812.

1. **Unlettered Person: MARK: WITNESS.** By the common law the written evidence of the acts, compacts and engagements of unlettered men are properly attested by any mark, symbol or character which they may see fit to employ for that purpose.

2. **Judicial Appraisement: MARK.** A judicial appraisement of land is signed within the meaning of the law (Code of Civil Procedure, sec. 491a) when it is attested by the mark of an illiterate person whose name thereto is subscribed by another.

3. **Appraisement: CERTIFICATE OF SHERIFF: EVIDENCE.** The certificate of the sheriff that he returned with the order of sale the appraisement made by himself and the freeholders is presumptive evidence that the fact stated is true.

APPEAL from the district court for Buffalo county. Heard below before SULLIVAN, J. *Affirmed*.

*John N. Dryden*, for appellant.

*Fred A. Nye, contra.*

SULLIVAN, J.

The appeal is from a decision rendered by the district court for Buffalo county. A prominent suggestion in the briefs of counsel is that in considering the record we are

brought face to face with a new question—that in all the multitude of precedents with which the books are thronged there can be found no case like this. The action, which was brought by the Iowa Loan & Trust Company against Curtis S. Greenman and others to enforce a real estate mortgage, had, it. seems, an eventless career up to the time when the sheriff made return of his proceedings under the order of sale. Defendants then appeared by their attorney and resisted confirmation upon two grounds. Both of these grounds are not now insisted upon. In view of some decisions rendered by this court during the pendency of the appeal counsel has discreetly abandoned one of them and concentrated all his energies on the other. The point where it is thought defendant's rights have been seriously infringed is in the attestation of the appraisement. The way of it was this: One of the appraisers had, in his youth, either neglected or disdained to cultivate the art of writing, and was therefore under the necessity of subscribing the history of the transaction in which he had a part by making a mark in the form of a cross between his Christian name and surname, both of which had been written by some other person. This circumstance is the basis of counsel's claim that the appraisement lacks due authentication and should for that reason be treated as a nullity. It may be that this precise point has never been adjudicated. We do not know that it has, but we are disposed to think that the way to a right conclusion is not beset with appalling difficulties. The sheriff in his return states: "Received this order this 2d day of December, 1898, at ten o'clock A. M., and according to the command thereof, I summoned B. F. Tussing and John F. Brown, two disinterested residents and freeholders of said county, and administered to them an oath impartially to appraise the interest of Curtis S. Greenman, Mary L. Greenman et al., defendants, in said lands and tenements, upon actual view thereof; and I, together with said B. F. Tussing and John F. Brown, made an appraisement in writing of said lands and tenements which appraisement is herewith returned." By the com-

mon law, and probably under every system of jurisprudence, the written evidence of the acts, compacts and engagements of unlettered men are sufficiently attested by any mark, symbol or character which they may see fit to employ for the purpose of signifying their assent. *Baker v. Dening,* 8 Adolph. & E. [Eng.], 94; *Palmer v. Stephens,* 1 Den. [N. Y.], 471; *Jackson v. Van Dusen,* 5 Johns. [N. Y.], 144; *Zacharie v. Franklin,* 12 Pet. [U. S.], 151; 1 Greenleaf, Evidence, sec. 272. Except where the statute otherwise provides the mark of an illiterate person is his signature, and if made for the purpose of attesting his act, or indicating his assent, is legally effective without being witnessed. We have in this state a statute (Criminal Code, sec. 253) declaring that "a mark shall have the same effect as a signature, when the name is written by some other person and the mark is made near thereto by the person unable to write his name"; but there is no requirement either in the written or unwritten law that such a signature shall be witnessed. *Willoughby v. Moulton,* 47 N. H., 205; *State v. Byrd,* 93 N. Car., 624; *Brown v. Butchers' & Drovers' Bank,* 6 Hill [N. Y.], 443, *Finley v. Prescott,* 47 L. R. A. [Wis.], 695. These considerations lead us to the conclusion that the name and mark of Mr. Brown constituted his signature, and that the trial court, being required to deal with it as such, committed no error, venial or vital, in holding out against the persuasions of the defendant's counsel. The sheriff having stated in his certificate that he returned the appraisement made by himself and the freeholders, the plaintiff did not have to take upon itself the burden of proving that the fact certified was true. That should be presumed until the contrary is shown.

The order of confirmation is

AFFIRMED.