## JULIA GOMES, BALBINA SANTOS RITA, LUIZA SANTOS, ALEXANDRINA CORDEIRO AND DOMINGAS WHITE *v.* SOCIEDADE LUSITANA BENEFICENTE DE HAWAII AND MARIA PEREIRA.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED OCTOBER 13, 1913.               DECIDED OCTOBER 20, 1913.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

MUTUAL BENEFIT INSURANCE—*designation of beneficiary—form of declaration.*

    Where the by-laws of a benefit society prescribe a form of declaration to be used by members in disposing of mortuary benefits and provide that members "whenever practicable" shall use the blank forms supplied by the society, and the testimony shows that at the time of making a declaration the member was ill in a hospital at a place distant from Honolulu where the office of the society was located, and that neither the member nor the local agent of the society possessed one of the society's blank forms, the use of a declaration not of such form is permissible.

SAME—*waiver of requirements of by-laws.*

    A by-law of a benefit society prescribing the form of declaration to be used by members in designating beneficiaries which is of a directory nature and designed for the protection or convenience of the society may be waived by it, and the acceptance by the society of a declaration irregular in form without notice or objection being given to the declarant will constitute a waiver of the irregularity, at least in a case where it is shown that the use of one of the society's forms was not practicable.

SAME—*effect of unauthorized disposition of portion of fund.*

    A valid gift contained in a declaration will not be invalidated

by reason of the presence of a provision attempting to make an unauthorized disposition of a portion of the fund.

SIGNATURES—*use of mark.*

> The making of a cross-mark on a written instrument by an illiterate person is a sufficient signing of the instrument, the mark being intended as a signature.

OPINION OF THE COURT BY ROBERTSON, C.J.

This is an appeal from a decree dismissing a bill of complaint in a suit to establish a lost document and to recover certain moneys alleged to be due thereunder to the complainants. There was little conflict in the evidence. It appears that one Manuel Silva Pereira, a resident, before and at the time of his death in December 1912, of Eleele, Kauai, was a member in good standing of the Sociedade Lusitana Beneficente de Hawaii, an incorporated benefit society, one of the defendants; he was also the husband of the defendant Maria Pereira, and the father of the complainants, the issue of a former marriage. In January 1912, the deceased member being ill at the hospital at Eleele requested one Corvalho, an agent of the society, to prepare for his execution a written declaration disposing of his mortuary benefit as a member of the society; there being no blank form for the purpose immediately available and the decedent being illiterate the agent wrote out a declaration in his own hand and according to the instructions given him; at the suggestion of his wife the decedent decided to set aside $100 for his funeral expenses and for masses to be said for the repose of his soul, $700 he directed to be paid to his widow and a like sum to his five daughters, the amount at his disposal being $1500; the instrument having been executed in the presence of two attesting witnesses, it was sent by the agent to the office of the society at Honolulu; the clerk of the society, under date of January 29, wrote the agent acknowledging receipt of the declaration saying that there was some doubt about it as it was not on one of the forms furnished by the society, but he would submit it to the directors; the matter was brought before the directors at a meet-

ing held on February 1st the minutes showing that "A testament was presented purporting to be the testament of member Manuel de Silva Pereira, Number 718, but was returned for not being in proper form." The clerk accordingly returned the instrument to the agent, Corvalho, informing him that it was not in form "because it is not signed by him" and that in order to avoid complication later on it had better be made out on one of the society's forms, of which one was enclosed; on receipt of the letter and enclosures Corvalho handed them to another agent of the society with instructions to deliver them to Pereira; the second agent gave them to a messenger for delivery, and the messenger delivered them to Mrs. Pereira; there was no evidence that the papers ever reached the decedent or that he was informed of the action taken by the directors of the society. The testimony was conflicting as to the form of execution of the instrument. The decedent being unable to write had signed by making his mark in the form of a cross at the lower right-hand corner of the instrument while two names said to have been the signatures of the witnesses appeared at the lower left-hand corner. Corvalho testified that at the place where the decedent had made the cross-mark he had written the words "his mark," and that above the signatures of the witnesses were the words "witnessed and signed in presence of." This was denied by the society's clerk and two of the directors, and it was admitted that if the other directors should be called as witnesses they would testify to the same effect. We assume that the words said to have been written at the lower part of the declaration as above stated were not there.

The circuit judge held that the declaration had not been executed by the member nor attested by the witnesses in the manner required by the by-laws of the society, and that it was invalid and of no effect. Counsel for the defendants contend that the decree should be affirmed for the reasons given by the circuit judge, and upon the additional grounds that the assignment of $100 for funeral expenses and masses for the repose

of the soul, being a purpose not specifically permitted by the by-laws, was enough to invalidate the whole declaration, and that the failure to use a blank declaration form furnished by the society also rendered the alleged declaration invalid. They cite the case of *Monizi* v. *Santo Antonio Society,* ante, p. 591. In that case it was held that the right of a member of a benefit society to designate a beneficiary of a mortuary benefit may, generally speaking, be exercised only in accordance with the provisions of the society's by-laws, and that the retention of a will by the society did not estop it from setting up the invalidity of a disposition contained in it because the making of a declaration in that manner was expressly prohibited by the by-laws. The rule that a benefit society may voluntarily waive provisions contained in its by-laws where those provisions were designed for the benefit or protection of the society itself was there recognized. An important difference between that case and this consists in the fact that there the member acted in defiance of the society's by-laws whereas in the case at bar there was a bonafide attempt to act in accordance with the by-laws. Aside from the question of the effect of the attempted gift of $100 for the purposes stated which all parties concede to have been unauthorized by the by-laws, the case presents a matter of irregularity in the declaration, and the question is whether it was such as could have been and was in fact waived by the society.

Assuming that because the declaration was irregular in form the directors of the society were within their rights in refusing to receive and file it, it is clear that such refusal did not affect the decedent since he was not notified of it. The returning of the declaration to the society's agent and its delivery to Mrs. Pereira was ineffective, and the rights of the parties must be determined as though the declaration had been received by the society without objection.

According to the by-laws of the society the fund in dispute would be payable to the member's widow in the absence of a written declaration making a different disposition. In any

event one-half of the fund is payable to the widow and the by-laws permit the giving of not more than one-half to the daughters.    Article 11 of the by-laws contains the provision that "The society will not accept or acknowledge the validity of any provision or provisions in any documents disposing of the death benefit or part thereof excepting the declaration be properly filled out in accordance with the by-laws and filed at the society's office during the member's life."    Article 27, provides "When a member desires to make his 'will' declaration concerning the disposition to be made of the death benefit must whenever practicable request of the society's secretary a blank in the form hereunder indicated."    Then follows a form of declaration containing spaces for the names of the beneficiaries, and concluding with attestation clauses for the declarant and witnesses as follows:  "In witness whereof I sign this declaration at.......  this............day of ............in the presence of the witness hereunder," and, "We, the undersigned, testify that ............residing at............on the above date, in our presence, signed this declaration affirming the same to be his free act."    We think the testimony made a sufficient showing that it was not "practicable" to use one of the society's blanks.    The member was ill in the hospital and as testified to was in a "very bad" condition and neither he nor the agent were possessed of a blank form.    Neither the letter nor the spirit of the by-law required that he should wait until a blank could be secured from the office of the society at Honolulu.

The making of a mark by the declarant was a sufficient signing of the declaration it having been intended as a signature. *Zacharie* v. *Franklin,* 12 Pet. 151, 160; *Iowa L. & T. Co.* v. *Greenman,* 63 Neb. 268; *Jackson* v. *Tribble,* 47 So. (Ala.) 310; *Willoughby* v. *Moulton,* 47 N. H. 205.    The form of a declaration is of secondary importance to its substance when the intent of the declarant has been made clear, and the by-laws prescribing the form of declaration to be used may well be regarded as directory at least in a case where a prepared form was not

available to the declarant. The authorities hold that provisions in the by-laws of a benefit society which are directory in character and intended merely for its own protection or convenience may be waived by it. *Splawn* v. *Chew,* 60 Tex. 532, 537; *Manning* v. *A. O. U. W.* 86 Ky. 136; *Kimball* v. *Lester,* 59 N. Y. S. 540; *Police Relief Assn.* v. *Tierney,* 116 Mo. App. 447, 464; *Schardt* v. *Schardt,* 100 Tenn. 276. Also that such action on the part of the society as the receiving and retaining without objection of a declaration irregular in form will be held to constitute a waiver by it of the irregularity. *Allison* v. *Stevenson,* 64 N. Y. S. 481; *Kepler* v. *Supreme Lodge,* 45 Hun 274, 278; *Hanson* v. *Minnesota Relief Assn.* 59 Minn. 123; *Adams* v. *A. O. U. W.* 105 Cal. 321, 326. We hold that the defendant society, in not notifying the decedent that his declaration was not in proper form and would not be received, waived the irregularity as to the attestation of the instrument.

The remaining point is as to the $100 item. It is to be noted that the society did not object to the declaration on the ground that it purported to make an unauthorized designation of a portion of the fund, but we are not required in this case to decide what disposition the law requires to be made of that item. We are satisfied, and so hold, that the presence of that item in the declaration did not invalidate it in its entirety, and also that it in no way affected the gift to the daughters which was otherwise valid. That is to say, a valid gift contained in such a declaration will not be rendered inoperative by reason of the presence of a provision attempting to make an unauthorized disposition of a portion of the fund.

The decree appealed from is reversed and the case is remanded to the circuit judge with instructions to enter a decree granting the complainants the relief which we hold them to be entitled to.

*R. P. Quarles* (*Andrews & Quarles* on the brief) for appellants.

*E. A. Douthitt* (*Douthitt & Coke* on the brief) for appellees.