## GILMER *v.* CITY OF GRAND RAPIDS.

*(Circuit Court, W. D. Michigan.   June 14, 1883.)*

1. CITIZENSHIP—PLEA IN ABATEMENT—FINDING—BAR TO SECOND ACTION.
    A citizen of Michigan, having suffered injuries through a defect in the side-walk of a city, brought suit in the federal court to recover damages, claiming citizenship in Indiana by removal subsequent to the injury; and on plea in abatement was found by the jury to be still a citizen of Michigan. *Held*, no bar to a subsequent suit brought for the same injury by plaintiff, claiming citizenship in Wisconsin.

2. AMENDMENT—JUDGMENT ENTRY.
    A judgment entry may be amended at any time to make it correspond with the judgment rendered.

3. CITIZENSHIP—PLEA IN ABATEMENT—BURDEN OF PROOF.
    Where the declaration alleges such citizenship of parties as gives the court jurisdiction, and defendant asserts want of jurisdiction by plea in abatement,

the burden is on him to show that the residence of parties is such as to defeat the court's jurisdiction.

4. VERDICT—SETTING ASIDE.

A verdict will not be set aside because of a difference of opinion between the trial judge and the jury upon the merits of the case, unless the court can clearly say that the jury were not justified in their finding.

Motion for New Trial.

*A. T. McReynolds* and *N. A. Earle*, for plaintiff.

*J. W. Ransom*, for defendant.

WITHEY, J. The defendant applies for a new trial upon substantially the following grounds:

(1) Because the court refused to admit in evidence, in bar of the action, the records and files of this court in a suit between the same parties, for the same cause, tried at the last preceding term of court. (2) For error in ruling, under the plea in abatement, that the burden of proof is on defendant to show that plaintiff and defendant are citizens of the same state. (3) Verdict contrary to the law and evidence.

With the plea of the general issue was filed a plea to the jurisdiction, according to the practice in the state courts, setting up that both parties were citizens of the same state, to-wit, the state of Michigan. A former action between these parties, for the same cause, was tried in this court at the last preceding term thereof. The declaration in that suit averred that the plaintiff therein was then a citizen of Indiana, and that the defendant was a municipal corporation and citizen of Michigan. To such declaration a plea to the jurisdiction, on the ground of the citizenship of the parties, was interposed, and the jury found in favor of the plea that the parties were citizens of the same state. Judgment was ordered to be entered in accordance with the verdict of the jury. The present suit was commenced some few months subsequent to the verdict and judgment in that action. The declaration avers that plaintiff is now a citizen of Wisconsin, and that the defendant is a citizen of Michigan. As before stated, the plea again raised the question of the citizenship of the plaintiff. On the trial it appeared by the evidence, or was conceded, that the plaintiff was, at the time the cause of action accrued, a resident of this state; that he went to Indiana a short time before the first suit was begun; that after the trial and verdict in that action plaintiff left the state of Michigan and went to Wisconsin with his family, since which time he had continued to reside there. This suit was begun about five months subsequent to plaintiff's removal to Wisconsin, and subsequent to the time of the trial of the former case. Notice is given in the pleadings that defendant

will, on the trial, show the former verdict and judgment in bar of plaintiff's present action. When the files and records in the suit were offered, it was held they were irrelevant and inadmissible, for the reason that they would constitute no bar to this action. The question was not in issue in this suit whether the plaintiff, at the time of commencing that suit, was a citizen of the state of Indiana or of the state of Michigan. The declaration in this suit avers that the plaintiff "is a citizen of the state of Wisconsin;" the plea avers that the plaintiff was not, at time of the commencement of this suit, a citizen of the state of Wisconsin, but a citizen of the same state as was the defendant.

There are many decided cases holding that whenever the jurisdiction depends upon the citizenship of the parties, it is governed by their state or condition at the time of beginning their suit. Two early decisions, which have been followed by many others, especially in the circuit courts, are *Mollan* v. *Torrance*, 9 Wheat. 537, and *Conolly* v. *Taylor*, 2 Pet. 556. The fact that in the former suit the jury found that the plaintiff, when he commenced that suit, was a citizen of Michigan, would not defeat this action, if the plaintiff was a citizen of Wisconsin when he began it, more than 11 months subsequent to the time when the former suit was begun. The court ruled that the files and records in the former suit were not admissible as evidence of want of jurisdiction. They were not offered as evidence tending to show want of good faith on the part of plaintiff in claiming a domicile in Wisconsin. But if such was the offer, all the facts were, as already stated, either admitted by the plaintiff, or called out as part of the testimony, viz.: As to plaintiff being a resident of Michigan when the cause of action accrued, his removal to Indiana, the former suit, and then removing to Wisconsin, followed by this suit; thus placing all the facts touching the *bona fides* of the Wisconsin domicile before the jury that the files and records would have done.

An inspection of the journal entry in the former case discloses that there should be an amendment of the entry of judgment, as it fails to reflect correctly the only judgment which the court could have rendered, and which it did render. The order for judgment after a verdict is for judgment in accordance with the verdict. The verdict was that the plaintiff was not a citizen of the state of Indiana, but was of the state of Michigan, at the time of bringing his suit. The judgment, as entered, is that the plaintiff take nothing by his suit, which is the usual form of a verdict on the merits. It should read that the

declaration be quashed, and that the defendant go thereof without day. A judgment entry may be amended at any time to make it correspond with the one rendered. An order will be entered to amend the records according to the views herein expressed.

The second ground urged for a new trial was decided against the defendant by the supreme court of the United States in 1852. *Sheppard* v. *Graves*, 14 How. 505, 512.

" The plaintiff, having averred enough to show the jurisdiction of the court, and nothing having been adduced to impeach it, that jurisdiction remained as stated, and the plaintiff could lose nothing by adducing * * * no evidence at all in support of that which clearly existed, and which he, under the circumstances, could not be called on to sustain." Page 513.

At page 510 it is said by the court:

"Although, in the courts of the United States, it is necessary to set forth the grounds of their cognizance as courts of limited jurisdiction, yet wherever jurisdiction shall be averred in the pleadings, * * * it must be taken *prima facie* as existing; and * * * it is incumbent on him who would impeach that jurisdiction for causes *dehors* the pleading, to allege and prove such causes; that the necessity for the allegation, and the burden of sustaining it by proof, both rest upon the party taking the exception."

It was, then, properly held in this case that the burden of proving that plaintiff did not reside in Wisconsin, but was a citizen of Michigan, rested on the defendant, who averred the fact to defeat the jurisdiction of the court.

The other ground for a new trial rests upon whether, under the evidence, it is manifest that the verdict of the jury is wrong. I confess to having had much doubt whether the plaintiff was domiciled in good faith in Wisconsin; but the jury found he was, and it is not manifest to me that this finding is against the weight of the evidence, although I might be disposed to find the facts the other way. This is not sufficient to justify a reversal of the verdict. I cannot say it is clear that the jury were not justified in finding against the defendant upon the issue presented by the plea in abatement.

The motion is overruled, with the usual costs in favor of the plaintiff.