## William B. McClure *vs.* Margaret Bruck.

### May 19, 1890.

Judgment—Correction of Clerical Errors.—A court may, at any time after final judgment, (at least while it remains unexecuted,) correct its own clerical mistakes, so as to make the findings and judgment conform to what it intended they should be. The limitation of one year after notice of judgment in Gen. St. 1878, c. 66, § 125, does not apply to such cases.

Appeal by plaintiff from an order of the district court for Hennepin county, *Young, J.,* presiding, (before whom the case was tried without a jury,) vacating and setting aside the findings of fact, conclusions of law, and judgment, and substituting new findings and conclusions and a new order for judgment.

v.43m.—20

*Wm. B. McIntyre,* for appellant.

*A. D. Smith,* for respondents.

MITCHELL, J.    This was an action of ejectment, and was tried by the court without a jury, and upon his findings judgment was entered in favor of the plaintiff, January 10, 1888.    It was the intention of the court in ordering judgment for the plaintiff to award him the property described in the complaint, which corresponded with the description in the deeds under which he acquired and claimed title.    At the suggestion of the court, plaintiff's attorney drew up findings, which the court signed, supposing that the description therein conformed to the complaint and evidence.    But, as a matter of fact, the attorney incorporated in the findings a description which included more land than was described or claimed in the complaint. The judgment, which followed the erroneous description in the findings, has not yet been executed.    Upon this showing of facts, in June, 1889, defendant applied to the court to have the findings and judgment corrected so as to make the description of the property conform to that contained in the complaint.    Plaintiff's attorney made a counter-affidavit that, before the findings were presented to the court for signature, he submitted them to defendant's attorneys, who approved them, but he does not state that their attention was called to the discrepancy in description between the findings and the complaint.    There is nothing to show that defendant personally knew of it until execution was issued to dispossess her.    From the order of the court correcting the findings and judgment the plaintiff appeals, his principal contention being that the application was too late; that under Gen. St. 1878, c. 66, § 125, it should have been made within one year after notice of the judgment.    The limitation as to time in the statute cited applies only to cases where relief is sought by a party from the consequences of his own mistake, inadvertence, surprise, or excusable neglect, but has no application to a case like the present, where the court is asked to correct its own mistake.    Whatever limitations there may be upon the power of a court after final judgment to correct its judicial errors, there is certainly nothing in the way of its correcting its mere clerical mistakes or misprisions, so that the entry may conform to what the court in-

tended it should be. Courts would be very inefficient agencies for the administration of justice, if they had not this power. In this case the court committed no judicial error, but, through the fault of plaintiff's attorney, was led into a clerical mistake, by which a judgment was rendered which the court never intended to pronounce, and which was not within the issues, either as made by the pleadings or litigated on the trial. The court had the undoubted right, at least as long as the judgment was unexecuted, upon its attention being called to the fact, to correct its own records, so as to make the findings and judgment conform to what it intended they should be.

Order affirmed.