MARIA B. NELL *vs.* LYMAN C. DAYTON, impleaded, etc.

October 21, 1891.

**Error of Clerk in Entering Judgment — Application to Court for Correction—Appeal.**—Where, after a trial by the court, the clerk enters judgment other than the direction for judgment authorizes, the proper practice is a motion to correct the judgment, and make it conform to the direction for it. An order denying such a motion is appealable.

**Same—Right, when not Lost by Delay.**—The party prejudiced by such an entry is entitled to have it corrected, and does not lose that right by delay, unless it be for so long a time that others, relying on the record, have placed themselves in such position that to correct the entry will operate to defraud them.

v.47M.—17

Appeal by defendant Lyman C. Dayton (impleaded with May I. Dayton, his wife) from an order of the district court for Hennepin county, *Hooker*, J., presiding, denying his motion for a correction of the judgment entered after the decision of an appeal to this court, (reported, 43 Minn. 242,) and the filing of the mandate in that court.

*George S. Engle* and *Lyman C. Dayton*, for appellant.

*S. A. Reed*, for respondent.

GILFILLAN, C. J.   The cause of action in the complaint is for the cancellation of a deed conveying real estate from plaintiff to the defendant May I. Dayton.   Nothing alleged in that pleading affected any interest of the defendant Lyman C., except such as he might have by reason of being the husband of May I., nor any interest of May I., except such as she claimed under the deed.   It asked judgment "that *defendant* [using the singular] have no estate or interest in said land, and that said deed and the record thereof be declared null and void, and for such other relief as to the court may seem just."   The *defendant* mentioned must be understood to be the defendant in whom the estate was vested by the deed, to wit, May I.   As the complaint was merely one for setting aside the specific deed, and not one in an action under the statute to determine adverse claims, it presented for adjudication no other matter than the deed; and, if the clause in the demand for judgment, "that defendant have no estate or interest in said land," includes any estate or interest except such as she might claim under the deed, the prayer was for more than the facts pleaded show the plaintiff entitled to, even as against the defendant May I.

Upon the trial the court found the facts in favor of the plaintiff, and directed judgment in her favor for the relief demanded in the complaint; so that the clerk had to look to the prayer in the complaint to ascertain what relief should be inserted in the judgment. The direction would have justified him in entering judgment declaring the deed and record thereof void, and that the defendant May I. have no estate or interest in the land.   But he entered judgment declaring the deed and record void, and "that neither of said defendants above named have any estate or interest in said lands above described; and that plaintiff's title thereto be quieted against both of

said defendants." So far as this included the defendant Lyman C., it was not authorized by the direction for jûdgment; so that the judgment as entered not only includes relief not warranted under the issues, but relief which has no adjudication or order of the court to sustain it. Just before the end of a year from the entry of judgment, the defendant Lyman C. gave notice of a motion to correct the judgment, by striking out the words above quoted, and inserting in lieu thereof, "and that said defendant May I. Dayton have no estate or interest in said land above described, and that plaintiff's title thereto be quieted against said defendant May I. Dayton, by reason of the invalidity of said plaintiff's deed to her." This correction would make the judgment conform to the direction for it. The appeal is from an order denying that motion.

There can be no doubt that the course adopted by the appellant was the proper practice. All courts of record may clear their records of unauthorized entries; and, where an unauthorized entry is prejudicial to a party in an action, he has a right to have it expunged. *Stocking* v. *Hanson*, 35 Minn. 207, (28 N. W. Rep. 507.) If it be an unauthorized judgment, his application may be regarded as a summary application in an action after judgment, so that an appeal will lie, under Gen. St. 1878, *c.* 86, § 8, subd. 6. Treating the entry in this case as a mistake of the clerk, and such it undoubtedly was, the case is similar to *McClure* v. *Bruck*, 43 Minn. 305, (45 N. W. Rep. 438,) in which case the court had by mistake signed findings prepared by the plaintiff's attorney different from what the court intended and supposed them to be. Judgment having been entered on them, the court, on motion of defendant, corrected the findings and judgment, and this court affirmed its action, and held that the time specified in Gen. St. 1878, *c.* 66, § 125, does not apply to a motion to a court to correct its clerical mistakes or misprisions, so that the entry may conform to what the court intended. A party may, by laches, lose his right to have an unauthorized entry removed or vacated. Mere delay, however, will not have that effect. As held in *Stocking* v. *Hanson*, the delay must be so long that others, relying on the record, have placed themselves in such position that to vacate

the entry will operate to defraud them. There is no suggestion of such a state of things in this case.

Order reversed, and the court below directed to correct its judgment in accordance with the motion.