· JOHN W. CHASE and Another v. WALTER S. WHITTEN.[1]

Nov. 22, 1895.

Nos. 9326—(131).

**Correcting Judgment—Clerical Mistake.**

A court may at any time after final judgment (at least where no rights of third parties are affected) correct its own clerical mistakes so as to make its judgment conform to what it intended it should be. McClure v. Bruck, 43 Minn. 305, followed.

**Contract—Increase of Interest after Maturity.**

Under Laws 1887, c. 66 (G. S. 1894, § 2212), a provision in a contract, providing for an increase of interest after maturity, merely works a forfeiture of the interest reserved, and does not render the contract void in toto.

Appeal by plaintiffs from an order of the district court for Hennepin county, Hicks, J., correcting a judgment in favor of plaintiffs. Affirmed.

*Charles E. Conant* and *Edith M. Conant*, for appellants.

*Charles W. Purple* and *Henry J. Fletcher*, for respondent.

MITCHELL, J. In September, 1890, plaintiffs executed to defendant's assignor a promissory note and a collateral real-estate mortgage for $1,925, payable in five years, with interest at 7 per cent. per annum, payable semiannually, but providing that, if interest was not paid when due, the principal should become due immediately, and bear interest at 10 per cent. per annum after maturity. In August, 1891, the defendant, claiming that there had been a default in the payment of interest, foreclosed the mortgage under a power, and himself became the purchaser at the sale. Thereafter the plaintiffs brought this action, alleging the foregoing facts.

Laws 1887, c. 66 (G. S. 1894, § 2212), provides that all contracts thereafter made shall bear the same rate of interest after they become due as before, and that any provision in any contract, note, or instrument providing for an increase of the rate of interest upon maturity, or any increase therein after the making and delivery thereof, shall work a forfeiture of the entire interest thereon. Under this

[1] Reported in 65 N. W. 84.

statute, a provision in a contract for an increase of the rate of inter-est upon maturity, or after the making and delivery of the contract, works a forfeiture only of the interest, and not of the principal. While the act of 1887 was passed in the form of an addition to section 1 of the existing law, yet it contains the exclusive penalty for the violation of its provisions, and the provision of a subsequent section of the existing statute, declaring invalid all contracts whereby there is reserved a greater rate of interest than 10 per cent., has no applica-tion. This would seem too plain to admit of argument. As the con-tract in this case contained a provision for an increase of the rate of interest after maturity (but not exceeding 10 per cent.), it worked a forfeiture of the entire interest, but did not invalidate the contract as to the principal. It follows that there was no interest due, and hence no default, and therefore the foreclosure was unauthorized. Chase v. Whitten, 51 Minn. 485, 53 N. W. 767. Therefore plaintiffs' com-plaint stated a cause of action entitling them to have the foreclosure set aside, but not to have the mortgage declared void.

In their prayer for relief, however, they asked both that the fore-closure be set aside and also that the mortgage be adjudged void. The cause came on for hearing in January, 1893, on the motion of the plaintiffs for judgment on the pleadings for the relief prayed for in their complaint; but no formal order was made or entered until the following July, when the trial judge made an order in which, after reciting "that the notes described in the complaint provide for a greater rate of interest after maturity than before, and that no inter-est is or ever was due or payable thereon, and that as a result the foreclosure of the mortgage to secure the payment of the note de-scribed in the complaint is void," he ordered that the plaintiffs have judgment "as in their complaint specifically demanded." On this order, judgment was entered by plaintiffs' counsel July 10, 1893, ad-judging the mortgage as well as the foreclosure void. In Decem-ber, 1894, on motion of defendant, the court made an order, by which, after reciting, among other things, that the judgment was "contrary to the plainly expressed intention of this court as stated by it in open court at the time the said order was made," he ordered the judg-ment to be forthwith corrected "so as to conform to the order an-nounced upon the trial of said cause" by erasing and expunging there-from the word "mortgage" in certain places, so that it would be

merely a judgment setting aside the foreclosure of the mortgage, and declaring the interest provided for in the note forfeited. This is the order of which the plaintiffs complain.

In support of the motion upon which this order was made defendant's counsel made an affidavit (which was not contradicted) that, upon the hearing in January, 1893, of the motion for judgment on the pleadings, the court declared his intention of granting the prayer of the complaint so far as it related to declaring the foreclosure void, but not to declare the mortgage void. The main contention of the plaintiffs, briefly stated, is that the trial court had no jurisdiction or power to thus review and reverse or modify its own judgment about a year and a half after it was entered, and the time for appeal had expired; that it could only have done so on motion for a new trial, seasonably made.

Upon the record we are entirely satisfied that the court did not assume to reverse or modify any judicial decision previously made, or to correct any judicial error previously committed, but merely to correct the records so as to make them conform to the judicial determination which he in fact made or intended to make. It is also apparent to us from the record, and particularly from the language of the order for judgment on the pleadings, that all that the court intended to do was to order judgment declaring the foreclosure void; that the judicial mind never assented to the proposition that the mortgage was void, but that the order was worded as it was through the clerical mistake or inadvertence of the judge by reason of his not knowing or having presently in mind the fact that the prayer of the complaint for relief asked that the mortgage itself be adjudged void. We think the court had the power to correct in this way its mere clerical mistake or misprision so that the judgment might conform to what the court intended it should be. McClure v. Bruck, 43 Minn. 305, 45 N. W. 438. Inasmuch as the court has this inherent power, even on its own motion, to correct its own records, the question whether the defendant was or was not negligent in setting this power in motion is not material. The point that the court corrected the judgment, and not the order for judgment, is without merit. The judgment was the important thing, and correcting it in effect corrected the order also.

Order affirmed.