JAMES MOUAT v. J. W. WELLS and Others.

June 8, 1899.

Nos. 11,620—(131).

**Promissory Note—Purchaser in Good Faith—Evidence Conclusive.**

*Held*, that it was conclusively established by the evidence at the trial below that plaintiff was a good-faith purchaser of the promissory notes sued upon, before maturity, for a valuable consideration, and without any notice or knowledge of a defense thereto.

**Same—Directed Verdict—Amendment of Amount.**

Where, on the trial of an action brought to recover upon such notes, the court directs a verdict for plaintiff for the amount thereof, and it is erroneously returned for less than the sum due, the court may, before the entry of judgment, amend or correct the verdict as to amount so that it will conform to the actual fact.

Action in the district court for Clay county to recover $1,137.50, and interest, on two promissory notes. The case was tried before Ives, J., who directed a verdict in favor of plaintiff in the amount demanded, and a formal verdict was made out by the jury for $1,262. Afterwards defendants made a motion for a new trial,

which was denied, and judgment was entered in favor of plaintiff for $1,611.75, and for costs and disbursements. The judgment recited the rendering of the verdict as above stated, and that "the court, after hearing the evidence adduced at said trial, and being fully advised in the premises, * * * did, on December 7, 1898, duly make and file its findings and order for judgment herein for the sum of $1,611.75, as demanded in plaintiff's complaint, together with plaintiff's costs and disbursements." From this judgment, defendants appealed. Affirmed.

*H. Steenerson,* for appellants.

*C. A. Nye* and *Fethers, Jeffris & Mouat,* for respondent.

COLLINS, J.[1]

Taking it for granted that the evidence introduced by defendants on the trial of this case was sufficient to cast on plaintiff the burden of proof as to his having been a good-faith purchaser of the notes sued upon, before maturity, for a valuable consideration, and without any notice or knowledge of a defense thereto, the question arises, was the court below warranted in ruling that plaintiff's insistence that he was such a purchaser had been conclusively established, and that he was therefore entitled to have a verdict ordered in his favor?

The facts, as they appeared in evidence, respecting plaintiff's purchase, are not complicated, and are all found in his own testimony as given at the trial, in connection with certain letters and other written instruments, also given in evidence. The notes bore date January 6, 1893, and were made payable to the order of Wilkins & Ingalls, and were indorsed by the firm when they came into plaintiff's hands. He was a retired farmer, and about the time of this transaction had moved into Janesville, Wisconsin. His son was a member of the firm of Hadden, Scott & Mouat, engaged in the horse business at Janesville, and also at Fargo, North Dakota. The son resided at the city last mentioned. He had previously spoken to plaintiff about purchasing notes taken by the firm, and on January 17 wrote from Fargo, saying that he had a very choice set of notes which he would sell at a discount of 10 per

[1] BUCK, J., absent.

cent. He also inclosed a statement signed by an attorney at law residing at Moorhead, Minnesota, near which place defendants resided, as to the financial standing of said defendants. After some further correspondence, and on February 4, plaintiff procured, at Janesville, a Chicago draft for the sum needed, $1,575, payable to the order of the son, and sent it to him at Fargo. This draft was duly indorsed by the latter, collected through a Fargo bank, and produced at the trial. The notes were then in the hands of the cashier of a bank at Fergus Falls, and on February 17, as directed by the son, they were sent by the bank and by mail to plaintiff at Janesville.

The plaintiff's testimony was apparently fair, frank, and full. He was a man of some means, had at times discounted other notes, and on one occasion had discounted a small note belonging to his son. He had never been in the horse business himself, except as a farmer. It was not shown that he had ever dealt in or discounted paper of this particular character, or that he had any reason to suppose that it was tainted in any manner. In fact, the only circumstance appearing at the trial from which a suspicion could arise that he was not a bona fide purchaser, in total ignorance of the existence of any facts which would impeach the notes in question, was the single one that his son had sold them to him. We regard the evidence as conclusive on this point; and it was therefore the duty of the court below to direct a verdict in plaintiff's favor. Counsel for defendants is in error when he contends that plaintiff constituted his son an agent for the purchase of the notes. There is not a circumstance, nor is there a particle of evidence, in support of this claim.

Under the direction of the court to return a verdict for the amount demanded in the complaint, a written verdict was returned and filed for the sum of $1,262. This was error as to the amount. It should have been for nearly $400 more than this. A motion for a new trial having been made and denied, judgment was entered, from which it appears that the court corrected the error by means of findings and an order for judgment for the amount actually due, and for which the verdict was ordered, and judgment was entered accordingly. This amounted to an amendment of the verdict, and

is assigned as error on appeal. The action of the court was fully warranted. When ordering a verdict, the amount thereof was erroneously fixed by the court at $1,262, and the jury formally assessed this amount as the sum due to plaintiff. Although, in form, the verdict, as returned, was that of the jury, it was nothing more than the act of the court itself. This is always true where a verdict is rendered under the direction of the court. It was subject to amendment or correction at any time prior to the entry of judgment, so as to conform to the fact, and that substantial justice might prevail. By calling attention to the fact that this was a directed verdict, we do not wish to intimate that an amendment could not have been made, so as to be in accordance with the actual intent of the jury, had the verdict not been so directed. See 2 Thompson, Trials, § 2642; 28 Am. & Eng. Enc. 370, and citations; also Coit v. Waples, 1 Minn. 110 (134).

Judgment affirmed.