MORRIS F. SCHLOSS v. GEORGE E. LENNON, Incorporated.[1]

November 21, 1913.

Nos. 18,231—(100).

**Directed verdict — correction of formal errors.**
    Courts possess the power to correct formal or clerical errors in a directed

[1] Reported in 144 N. W. 148.

---

Note.—As to the effect of discharge of jury on right to correct verdict, see note in 23 L.R.A. 732. And upon the right to amend sealed verdict after separation of jurors, see note in 3 L.R.A.(N.S.) 1086.

verdict and the judgment based thereon so that the record will truly set forth the actual decision given, and may do so after the verdict is recorded and after the expiration of the time to appeal from the judgment.

Plaintiff's motion in the district court for Ramsey county for an order amending the record, verdict and judgment in the above entitled action, so as to show that the verdict and judgment were not upon the merits but upon the sole defense of the defendant therein that there was another action pending, was heard before Dickson, J., who ordered that the verdict theretofore entered in the action be amended by adding thereto the words "that there is a prior action now pending between the parties hereto for the same cause of action sued on herein" and that the judgment theretofore entered be amended by striking out therefrom the words "that the plaintiff herein take nothing by his action" and inserting in lieu thereof the words "that this action be and it is hereby quashed." From the order amending the verdict and judgment, defendant appealed. Affirmed.

*Charles E. Bowen* and *C. W. Cummins,* for appellant.

*Henderson & Miller* and *Durment, Moore & Oppenheimer,* for respondent.

HOLT, J.

Action to recover the balance due for goods sold and delivered. The answer was a general denial and in abatement, the pendency of another suit upon the same cause of action. Upon the trial defendant admitted the debt, and the sole issue litigated was the pendency of the prior action. At the conclusion of the evidence each party moved for a directed verdict. The court denied plaintiff's motion and granted defendant's, instructing the jury in these words: "Upon the evidence as it stands in this case, gentlemen, it appears that there is a prior action pending, and under the law the plaintiff is prevented from asserting his rights under the latest action that he has commenced; he is relegated to his right under the preceding action which still exists. For this reason the plaintiff is denied any relief in this action and he is referred to his prior pending action to get his relief. You may return a verdict in favor of the defendant." The

verdict rendered and recorded was a general verdict for defendant and pursuant thereto a judgment was entered June 8, 1912, that plaintiff take nothing and that defendant have and recover $15.90, costs and disbursements. Plaintiff paid these. Subsequently and on March 28th, 1913, the court on plaintiff's motion ordered the verdict and judgment corrected so that the verdict would read: "We the jury in the above entitled action find a verdict in favor of defendant that there is a prior action now pending between the parties hereto for the same cause of action sued on herein," and the judgment to correspond. Defendant appeals from the order.

The contention of appellant is that the court lacks power to correct a verdict after it is recorded and a judgment after the time to appeal has expired or it has been satisfied. We concede that the court may not substitute its judgment for that of the jury on disputed questions of fact embodied in a verdict, nor may judicial error found in a judgment be corrected after the time to appeal has passed. But it is well settled that clerical errors or misprisions may be corrected by the court without being limited strictly to the term at which the trial took place or to the time within which an appeal may be taken. Coit v. Waples, 1 Minn. 110 (134); Bilansky v. State, 3 Minn. 313 (427); McClure v. Bruck, 43 Minn. 305, 45 N. W. 438; Crich v. Williamsburg City Fire Ins. Co. 45 Minn. 441, 48 N. W. 198; Chase v. Whitten, 62 Minn. 498, 65 N. W. 84; Mouat v. Wells, 76 Minn. 438, 79 N. W. 499; Wright v. Krabbenhoft, 104 Minn. 460, 116 N. W. 940; Gilmer v. City of Grand Rapids (C. C.), 16 Fed. 708; Williams v. Hayes, 68 Wis. 248, 32 N. W. 44; Packard v. Kenzie Ave. Heights Co. 105 Wis. 323, 81 N. W. 488.

The question is whether the correction of the verdict and judgment was a correction of judicial error on the part of the court or jury or merely a correction of clerical errors or informalities so that the record would speak the truth concerning the decision rendered. In this case the record shows that the verdict was not a determination of any disputed fact by the jury. It is not ruled by Miller v. Hogan, 81 Minn. 312, 84 N. W. 40. The court directed the verdict. It also conclusively appears that that court so directed the jury in appellant's favor upon the only issue tried, the pendency of the

former action, which of necessity precluded a consideration or determination of plaintiff's cause of action on the merits. The wording of the verdict, and of the judgment entered thereon, failed to express truly the judicial conclusion. It would be a reproach to the administration of justice if the court should not have the power to correct so palpable and undisputed a failure of the proceeding to record the actual and true adjudication. We consider the case of Chase v. Whitten, supra, decisive of this appeal.

There is no merit in the contention that the judgment having been paid there was nothing to correct. The judgment in so far as it awarded defendant costs was as intended, and the change made in no manner affected either defendant's right to costs or the amount thereof. Neither was there such delay in plaintiff's application to have the correction made that a denial would be justified on that ground. Appellant has not been prejudiced by the delay; Nell v. Dayton, 47 Minn. 257, 49 N. W. 981.

Order affirmed.