NORTHWESTERN MUTUAL INVESTMENT COMPANY v. R. AYLMER.[1]

October 19, 1917.

No. 19,997.

**Judgment — amendment — replevin — right to possession.**

In an action of replevin a verdict was directed and judgment was

[1]Reported in 164 N. W. 661.

entered for the plaintiff for the recovery of possession of property located in a certain building. No issue was tried by the jury. The plaintiff offered no evidence of right of possession except a chattel mortgage covering property contained in the building at its date, but not after-acquired property, and no issue was tried as to the right of possession of property afterwards put with that mortgaged. By mistake and inadvertence a verdict was directed and judgment entered for the recovery of possession generally. On motion of the defendant made within the time for appeal the court, a judge other than the one presiding at the trial sitting, amended the judgment by limiting the recovery of possession to the property included in the mortgage. *Held* no error.

Action in the district court for Clay county to recover possession of certain personal property, or for $3,500 in case possession could not be had, and $200 for detention thereof. The case was tried before Parsons, J., who at the close of the testimony directed a verdict in favor of plaintiff. From an order amending the judgment, Roeser, J., plaintiff appealed. Affirmed.

*C. G. Dosland* and *Lawrence & Murphy,* for appellant.

*N. I. Johnson* and *F. H. Peterson,* for respondent.

DIBELL, C.

This is an appeal by the plaintiff from an order amending a judgment.

The action in which judgment was entered was commenced on November 20, 1914, to recover possession of personal property in a garage at Moorhead. The complaint specifically described certain property and also "all tools, materials, stock, equipment, machinery, fixtures and personal property, except automobiles," contained in the garage. On February 17, 1916, judgment was entered adjudging that the plaintiff recover possession. On June 26, 1916, upon motion of the defendant, the judgment was amended so as to include only the property in the garage on March 20, 1914, that being the date of the chattel mortgage under which the plaintiff claimed the right of possession. Upon the hearing of this motion it was shown that at the trial the defendant withdrew his answer, that no evidence except the chattel mortgage was introduced, and that the court directed a verdict in favor of the plaintiff, pursuant to which the judgment was entered. The verdict was for the

possession of "the property described in the complaint." The judgment described the property in detail as it was described in the complaint. The defendant offered no evidence in opposition to the showing made and the motion was granted.

It is entirely clear that the litigation was upon the right of possession of the property described in the mortgage and not of that acquired after the mortgage and placed in the garage. By mere mistake and inadvertence of the court the verdict and judgment were not limited to the subject matter of the litigation. The finding of the jury was directed by the court and except as directed by the court the jury found nothing. There was no error in granting the motion. In some respects the situation is much like that involved in Schloss v. George E. Lennon, Inc. 123 Minn. 420, 144 N. W. 148, where it was held that the mistake, considered to be a clerical one, could be corrected even after the time to appeal had expired. Other cases of value are Wright v. Krabbenhoft, 104 Minn. 460, 116 N. W. 940; Mouat v. Wells, 76 Minn. 438, 79 N. W. 499; Chase v. Whitten, 62 Minn. 498, 65 N. W. 84. The case of Miller v. Hogan, 81 Minn. 312, 84 N. W. 40, is distinguished. There the jury made an actual determination of a question of fact which it was sought to change on motion. The amendment was not ordered by the judge who presided at the trial but by another judge of the same district. We need not inquire when one judge may and when he may not amend a judgment entered pursuant to the direction of another judge. From the showing made on the hearing of the motion but one result could reasonably follow.

Order affirmed.