## NATIONAL COUNCIL OF KNIGHTS AND LADIES OF SECURITY v. SARAH SILVER.[1]

November 16, 1917.

No. 20,608.

**Judgment — correcting erroneous entry.**

1. Where the clerk of the court by mistake enters a judgment other than that ordered by the judge, the mistake should be corrected and a judgment entered determining the case as the court ordered it determined.

**Same — when correction can be made.**

2. Such correction may be made after the time for appeal has expired.

**Same — when correction is a matter of right.**

3. In general, the allowance of amendments is within the discretion of the trial court, but where the mistake is conceded, where it is material, where the judgment is unexecuted, and the parties are still in statu quo and the rights of no third parties have intervened, the parties are entitled to a correction as a matter of right, and it is the duty of the court to make the correction. Mere delay does not bar the right.

[1]Reported in 164 N. W. 1013.

**Same — where party is given an alternative.**

4. Where the findings order a judgment giving one party an alternative, such party need not indicate his choice of alternatives until the judgment is entered.

**Same — no estoppel.**

5. The fact that an application asking the judge to change his judicial opinion is denied because made too late, does not bar a subsequent application to correct a mistake.

Action in the district court for Ramsey county to cancel a benefit certificate or to determine the amount due and direct payment thereof. Among other matters the answer alleged that plaintiff refused to permit defendant to pay any assessments or dues. The case was tried before Kelly, J., who made findings and ordered judgment in favor of defendant. Plaintiff's motion for amended findings was granted. The substance of the order granting the motion is found in the opinion. Plaintiff moved to vacate the form of judgment signed by the deputy clerk of court and enter judgment in conformity with the amended findings. Plaintiff obtained an order requiring defendant to show cause why the motion should not be granted. From an order denying this motion, plaintiff appealed. Reversed.

*William G. White,* for appellant.

*A. J. Hertz* and *James E. Markham,* for respondent.

HALLAM, J.

Defendant was a member of plaintiff society. Plaintiff brought action to have defendant declared expelled from the society, but, if the court should determine that defendant was still a member, then to require defendant to pay certain back assessments and dues on penalty of forfeiture of her membership in case of nonpayment. After a trial without a jury, the court found that plaintiff was entitled to no relief. On June 5, 1916, the court made additional findings, finding as a fact that assessments from February, 1910, were unpaid because plaintiff had refused to receive them, and as a conclusion of law found and ordered that "the decree will direct that whenever the plaintiff in this action shall file therein and serve upon the attorney for the defendant a written statement that it will accept payment of said assessments the defendant

within a reasonable time thereafter shall pay said assessments," and that if plaintiff shall file such statement the court will on application fix the time within which the same shall be paid and on default thereof plaintiff shall be entitled to judgment that the beneficiary certificate is null and void.

A motion for a new trial was made and denied.

Defendant's attorney served notice that on July 6, 1916, he would apply to the clerk to have defendant's bill of costs "taxed and inserted in the judgment then and there to be entered herein." At the time so fixed the costs were taxed and a deputy clerk of the court, using a blank form, prepared a form of judgment, ignoring the amended findings and adjudging simply "that the plaintiff herein take nothing by said action and that the defendant herein have and recover of said plaintiff" the sum of $12.50 costs. This was signed in the name of the clerk of the court by a deputy clerk and was indorsed as "filed this 6th day of July A. D. 1916." This document was placed in the envelope containing the files of the case. It was never noted in the civil register as having been filed. It is the practice in Ramsey county that, in actions tried by the court without a jury, judgment is not entered until the form thereof is approved by a judge of the court. This form was never approved. No judgment was ever entered in the judgment book and no judgment roll was ever made up.

In July, 1917, plaintiff asked that this document be stricken from the files on the ground that it was not in fact a judgment, and asked as alternative relief that, if it be held to be a judgment, it be amended to conform to the decision of the court. Defendant claims that the document is a real judgment and that, since the time for appeal has expired, it cannot now be amended. The court denied plaintiff's motions and plaintiff appeals.

1. We do not wish to be understood as holding that this document is in fact the judgment of the court. But, whatever it may be, it is not the judgment the court determined upon. Its existence is due to a palpable mistake and a proper judgment should be entered determining the case, as the court after a trial, deliberately ordered it determined.

2. The mistake made was not one due to any error of judgment of the judge. It was a mistake of fact of the clerk. The contention of the

defendant is that, after the time for appeal has expired, the mistakes of the clerk must prevail over the judgment of the judge. We can see that such a rule must involve serious consequences. Suppose in an action on a money demand the clerk makes the mistake of omitting one or two figures or ciphers, or in an action to determine the title to land he omits a description. If defendant's rule is right all such mistakes are, after six months, beyond recall.

The correction of mistakes so that the determination made by the court shall become effective is always within the power of the court. The power to make such corrections does not expire with the termination of the right of appeal. McClure v. Bruck, 43 Minn. 305, 45 N. W. 438; Chase v. Whitten, 62 Minn. 498, 65 N. W. 84; Wright v. Krabbenhoft, 104 Minn. 460, 462, 116 N. W. 940; Schloss v. Lennon, 123 Minn. 420, 422, 144 N. W. 148; Hiawatha Tp. v. Circuit Judge, 90 Mich. 270, 51 N. W. 282; Dickey v. Gibson, 113 Cal. 26, 45 Pac. 15, 54 Am. St. 321; 1 Black, Judgments, (2d ed.) § 156. Such errors are not corrected by an appellate court on appeal from the judgment but by proper application to the trial court. Hall v. Merrill, 47 Minn. 260, 49 N. W. 980.

3. It is contended that the allowance of amendments is discretionary with the court. This is, in general, true. Berthold v. Fox, 21 Minn. 51. It is true in cases which call for the exercise of judicial discretion, as where questions of fact arise, or the situation of the parties has changed, or the rights of third parties have intervened. Foster v. Brick, 121 Minn. 173, 175, 141 N. W. 101. But in a case where the mistake is conceded, where it is material, where the judgment is unexecuted, and the parties are still in statu quo and the rights of no third parties have intervened, the parties are entitled as a matter of right to the judgment the court has ordered, and it is the duty of the court to correct the mistake. Nell v. Dayton, 47 Minn. 257, 49 N. W. 981; O'Bryan v. American Inv. & Imp. Co. 59 Wash. 371, 97 Pac. 241; 1 Freeman, Judgments (4th ed.) 74. Mere delay does not bar the right. Nell v. Dayton, supra; Chase v. Whitten, 62 Minn. 498, 65 N. W. 84. If, as defendant says, this prolongs the right of appeal, in answer it may be said she would have avoided such a result had she not taken a judgment that she was palpably not entitled to. Defendant cannot blame plaintiff for the consequences.

4. It is said plaintiff has not yet indicated a willingness to receive

the payments provided for in the amended findings and order for judgment. Plaintiff is not required to act until entry of the judgment. It may appeal from the judgment if it sees fit. When the judgment is final it has a right to a judgment such as the court orders.

5. A motion was made after decision of another case in this court to vacate the order denying a motion for a new trial and to again amend the findings in this case. The motion was denied. Defendant contends that order is res adjudicata in this proceeding. We see no ground for so holding. The issues are different. On that application plaintiff asked the judge to change his judicial decision. Such an application must be made before the time for appeal has expired. Gallagher v. Irish-American Bank, 79 Minn. 226, 81 N. W. 1057. On this application plaintiff asks the court for a judgment in accordance with the decision of the judge. The fact that there is a time limit in the former case has no bearing on the question whether there should be a time limit in the latter.

Order reversed.