## PATRICK CONNELLY v. CARNEGIE DOCK & FUEL COMPANY.[1]

### March 11, 1921.

### No. 22,186.

**Workmen's Compensation Act — amendment of judgment because of judicial error.**

1. The judgment in a compensation case cannot be amended by the district court because of judicial error in it after the time for review in the supreme court has passed.

**Same.**

2. The Compensation Act, G. S. 1913, § 8222, providing for the modification of a judgment on the ground of "increase or decrease of incapacity," does not authorize a modification because of judicial error in determining the amount of the award.

Upon the relation of Carnegie Dock & Fuel Company the supreme court granted its writ of certiorari directed to the district court of Ramsey county and the Honorable Charles C. Haupt, one of the judges thereof, to review proceedings in that court brought under the Workmen's

[1] Reported in 181 N. W. 857.

Compensation Act by Patrick Connelly, employee, against relator, employer. Reversed.

*L. N. Foster* and *Dille, Hoke, Krause & Faegre,* for relator.

*George G. Chapin* and *P. D. Scannell,* for respondent.

DIBELL, J.

On motion of the plaintiff the court amended a judgment awarding him compensation under the Workmen's Compensation Act. The judgment was entered on December 9, 1918. The amended judgment was entered on September 23, 1920. The defendant brings certiorari.

1. On December 9, 1918, judgment was entered in a proceeding under the compensation act in favor of the plaintiff for $1,800, payable in instalments. The amount was contested. The plaintiff claimed more. The trial court was of the opinion that the case was governed by State v. District Court of Cass County, 129 Minn. 156, 151 N. W. 910. The amount of the award was based on the authority of that case. On August 8. 1919, Zinken v. Melrose Granite Co. 143 Minn. 397, 173 N. W. 857, was decided. It is conceded that under the rule there announced plaintiff was entitled to $3,600, payable in instalments. On July 27, 1920, the plaintiff made the application which resulted in the amended judgment of September 23, 1920. The amended judgment changed the award to conform to the rule of the Zinken case.

The judgment was amended because of judicial error. There was no mistake in its entry. It was entered just as the court wanted it entered. It determined the rights of the plaintiff and the defendant just as the court thought they were. The plaintiff did not care to contest its correctness by a review in this court.

There must come a time when a judgment is final against judicial error correctable by the court rendering it. The common law fixed the expiration of the term of court as the time. Under our holdings a judgment cannot be corrected by the court rendering it, because of judicial error, when it stands unchallenged until the time for review by this court has passed. This subject is discussed at length in Gallagher v. Irish-American Bank, 79 Minn. 226, 81 N. W. 1057. The rule is directly held in other cases. Smith v. Minneapolis St. Ry. Co. 134 Minn. 292, 157 N. W. 499, 159 N. W. 623; Tomlinson v. Phelps, 93 Minn. 350, 101 N.

W. 496. The cases holding that clerical errors may be corrected after the time of review has passed, so as to give effect to the actual determination of the trial court, are in recognition of the limitation upon the power to correct judicial error after the right of review is gone. Schloss v. Lennon, 123 Minn. 420, 144 N. W. 148; Northwestern Mut. Inv. Co. v. Aylmer, 138 Minn. 140, 164 N. W. 661; National Council of K. & L. of S. v. Silver, 138 Minn. 330, 164 N. W. 1015, and cases cited.

In Gallagher v. Irish-American Bank, 79 Minn. 226, 81 N. W. 1057, the court discussed the statute, now G. S. 1913, § 7786. relieving a party from his mistakes or neglect within one year and the general rule relative to the correction of judicial error by the trial court. In referring to a judgment which it was sought to modify on motion by changing the amounts to be distributed in a sequestration proceeding to different creditors, the court said "that such judgment, as against a motion for the same purpose, became final and conclusive, and was res judicata of all questions that were or might have been urged against it before that time. * * * This inexorable but just rule is necessary to the authority of courts to declare the law, and vitalizes their judgments with the force that gives to them efficacy."

In Smith v. Minneapolis St. Ry. Co. 134 Minn. 292, 157 N. W. 499, 159 N. W. 623, it was said: "We are of the opinion that, when a judgment has become final by the expiration of the time within which an appeal may be taken, it should not be subject to attack upon a motion for a new trial for error or insufficiency of evidence. * * * The statute contemplates that an unreversed judgment shall be final at the expiration of the six months within which an appeal may be taken."

In Tomlinson v. Phelps, 93 Minn. 350, 101 N. W. 496, in referring to a probate decree, the court said: "If it appears that the original decree of distribution was deliberately entered into as the result of a judicial consideration and construction of the will, then the powers of that court to amend or vacate such decree were exhausted upon the expiration of the time to appeal therefrom."

The result is that the judgment in a compensation proceeding, like other judgments, cannot be corrected for judicial error by the court rendering it after the time for review has passed, unless there is a provision in the compensation act authorizing a correction.

2. The compensation act provides for a modification of the judgment in certain cases. It provides that all lump sum payments shall be final, but that an award payable periodically for more than six months may be modified on the application of either party "on the ground of increase or decrease of incapacity due solely to the injury." G. S. 1913, § 8222. In State v. District Court of Hennepin County, 136 Minn. 147, 161 N. W. 391, Justice Bunn, in referring to this statute said: "It is quite manifest that this section was not intended as a method of correcting errors in fixing the amount of compensation, as the remedy is not available until after six months from the award, and then only where there has been an 'increase or decrease of incapacity.' This clearly means an increase or decrease of capacity since the award was made, a change in circumstances that justifies a modification."

Again in State v. District Court of Rice County, 134 Minn. 189, 158 N. W. 825, where a new trial was sought on the ground of newly discovered evidence, affecting the extent of the injury, the Chief Justice said:

"It is not the contemplation of the Compensation Act that there be retrials for error as in an ordinary action. Upon the determination of the case judgment is entered. There is a right to a review of questions of law by certiorari. Laws 1913, p. 688, c. 467, § 30 (G. S. 1913, § 8225). The act provides that all awards not exceeding the compensation for six months' disability shall be final and not subject to readjustment and that all lump sum payments shall be final. Laws 1913, p. 687, c. 467, §§ 26, 27 (G. S. 1913, §§ 8221, 8222). The court, however, has power to open its judgments and correct or modify them upon the presentation of newly discovered evidence, when manifest wrong has been done, upon substantially the principle upon which it rests its inherent power to grant a new trial. This power need not of necessity be invoked before the lapse of the 60-day period in which a review may be sought by certiorari. G. S. 1913, § 8313. The statute allowing relief within a year applies. G. S. 1913, § 7786."

In the case just cited the court affirmed the order of the trial court opening the case for the purpose of introducing additional evidence upon the extent of the injury, expressing a caution against a too free exercise of the power.

There is nothing in the statute cited making the judgment subject to review from time to time for judicial error.

Judgment reversed.