# R. E. PLANKERTON v. CONTINENTAL CASUALTY COMPANY.[1]

April 17, 1930.

No. 27,759.

[1]Reported in 230 N. W. 464.

*Sterling, Converse & Spence,* for appellant.
*R. E. Plankerton,* for respondent.

OLSEN, C.

Defendant appeals from the judgment in the district court.

Plaintiff, respondent here, is the administrator of the estate of Almira Claywell, deceased. In January, 1927, Almira Claywell was in possession of certain personal property. At that time Elsie Claywell, her daughter-in-law, claiming to own the property, commenced an action in replevin to recover same, or in case return of the property could not be had then to recover its value, alleged to be $1,200. The answer admitted the value. Defendant Continental Casualty Company as surety joined with Elsie Claywell in the replevin bond. The bond contained the provisions that if plaintiff in that action "shall prosecute said action with effect, and said property shall be returned to said defendant if a return thereof shall be adjudged, and if payment shall be made to said defendant of such sum as for any cause may be adjudged in his favor, then this obligation shall be void; otherwise to remain in full force."

The replevin action appears to have been tried in May, 1928, before the court without a jury. On October 6, 1928, findings of fact and conclusions of law were made and filed by the court. The conclusions of law were that Almira Claywell was entitled to a return of the property, and in case a return could not be had then for judgment for $1,200, the value of the property, and interest thereon from the time it was taken. On October 27, 1928, the clerk of court, without other or further direction from the court, and in purported compliance with the findings of fact and conclusions of law, entered a money judgment only in favor of Almira Claywell and against Elsie Claywell for $1,200, the value of the property, and for the interest thereon and costs, a total of $1,348.60. Thereafter, on April 22, 1929, the district court, on its own motion, after the matter had been called to its attention by motion on behalf of the present plaintiff, made and entered an order that the judgment

entered by the clerk on October 27, 1928, be corrected to conform to the court's findings of fact and conclusions of law so as to adjudge that Almira Claywell recover of Elsie Claywell the possession of the property in question, and in case a return of the property cannot be had to recover of Elsie Claywell the sum of $1,200, the value of the property, with interest and costs, and that judgment be so entered nunc pro tunc as of October 27, 1928. Judgment was thereupon so entered.

Thereafter and on May 13, 1929, on motion of the plaintiff in the present action, the court permitted him to file an amended and supplemental complaint setting forth the amendment of the judgment, as before stated, and setting forth that an execution had been issued on the judgment and returned wholly unsatisfied. It further alleges demand upon the defendant, Continental Casualty Company, for the return of the property or for payment of its value, and refusal to comply; that the judgment debtor, Elsie Claywell, cannot be found; and alleges, on information and belief, that Elsie Claywell, within a few days after she obtained possession of the property in January, 1927, sold and disposed of the same so that it could not be returned.

The answer of the defendant casualty company contains no general or special denials. The only defense attempted to be set up is that the clerk, without authority, entered the original judgment on October 27, 1928, as a money judgment only. The answer was interposed to the original complaint, before the judgment was amended by order of the court and before the amended and supplemental complaint was filed. The answer alleged that the original judgment had not been amended or corrected. That was true at the time the answer was interposed. But the court thereafter amended and corrected the judgment, and the amended and corrected judgment was pleaded in the amended and supplemental complaint. In its order permitting the amended and supplemental complaint to be filed the court said "that the answer of defendant to the original complaint, heretofore filed, may stand as the answer to the amended and supplemental complaint, or that the defendant may at its option serve and file a further answer to the said amended and

supplemental complaint if it so elects." Defendant made no further answer. There is no settled case. The action was tried May 27, 1929, and on July 6, 1929, the court made and filed its findings of fact and conclusions of law. Judgment was entered August 22, 1929.

■ There are but two questions raised by the assignments of error. First, it is urged that the court erred in making the order amending and correcting the purported judgment entered by the clerk on October 27, 1928. Defendant by its answer concedes that the first judgment was unauthorized and did not comply with the findings and order for judgment made by the court.

That where no judgment has been entered or an unauthorized judgment entered by the clerk the court has power to amend or strike out and cause a proper judgment to be entered is hardly debatable. McClure v. Bruck, 43 Minn. 305, 45 N. W. 438; Nell v. Dayton, 47 Minn. 257, 49 N. W. 981; Chase v. Whitten, 62 Minn. 498, 65 N. W. 84; Wright v. Krabbenhoft, 104 Minn. 460, 116 N. W. 940; Schloss v. Lennon, 123 Minn. 420, 144 N. W. 148; National Council v. Silver, 138 Minn. 330, 164 N. W. 1015, 10 A. L. R. 523.

■ The second question raised is whether the findings of fact sustain the conclusions of law and judgment. We need not here set out the findings of fact in full. It is sufficient to say that the court found that through error and mistake the clerk entered a money judgment only on October 27, 1928, without including therein a provision for the return of the property; that on April 22, 1929, the attention of the court was called to the action of the clerk, and the court on its own motion corrected the error and mistake and caused the correct judgment to be entered as of October 27, 1928; that an execution was issued on the judgment on May 1, 1929, for return of the property or recovery of the value thereof, in the amount stated, with interest and costs, in case a return of the property could not be had; that the sheriff returned the execution wholly unsatisfied and made return that he was unable to find the property or any other property belonging to Elsie Claywell; that he had made diligent search for Elsie Claywell and was un-

172

able to find her; that demand has been made by plaintiff upon defendant for the return of the property or for payment of its value, and the defendant has failed to return the property or pay for it; that the whereabouts of Elsie Claywell are unknown; that shortly after she obtained possession of the property in the replevin suit Elsie Claywell sold and disposed of it to various persons in Washington and Dakota counties; that it does not appear to whom the property was sold or what has become of it. The findings of fact fully cover all issues in the case and amply sustain the conclusions of law and judgment.

Defendant relies on the case of New England F. & C. Co. v. Bryant, 64 Minn. 256, 66 N. W. 974, but in that case there had been no amendment of the erroneous judgment; hence the case does not here apply.

■ The case of Berthold v. Fox, 21 Minn. 51, is cited and relied on. There the court held that the district court had the power to amend such a judgment more than two years after its entry but that such amendment was inoperative to affect the rights of third persons not parties to the suit. The order made in the present case provides that it shall be without prejudice to the rights of third parties. While the Berthold case, 21 Minn. 51, appears to hold that notice of motion for such an amendment was necessary, we are satisfied that notice of such a correction is not now necessary and that the court may on its own motion correct mistakes of its clerk in making up its records or entering a judgment. The rule that the court has such power is general. 15 C. J. 975, and note 10; 15 C. J. 972, § 386, notes 73-74.

■ Defendant contends that because the erroneous judgment remained on the record for nearly six months before it was corrected by the court it must be held that prejudice resulted. The specific claim is that so long as the error was not corrected defendant was prevented from returning or causing the property to be returned. The record discloses no such claim or situation. There is reference in defendant's brief to some evidence tending to show that it at some time made an investigation as to what had become of the property. As this evidence is not presented by any settled case we

have no right to consider it. Any alleged prejudice to defendant is sufficiently negatived by the findings of fact showing that all of the property was sold and disposed of by Elsie Claywell long before the original judgment in the replevin suit was entered, and showing that neither this defendant nor Elsie Claywell was in position to return the property at any time since long prior to the entry of such judgment. No effort or offer has ever been made to return the property. Defendant can claim no prejudice or impairment of its rights.

■ It is urged finally that the judgment in the present action should be in the alternative for return of the property or payment of its value. This is not a replevin suit for the recovery of the property, but an action for damages for breach of the condition of the bond in the replevin suit. A recovery of money was the only proper relief in this action.

Judgment affirmed.

