Appellant assigns as error the order of the lower court denying and overruling the motion to modify error in judgment and costs, and seeks reversal thereof, asserting as grounds therefor: That the error sought to be remedied and corrected by said motion appears upon the face of the records of the trial court and is nonjudicial in character; that when the judgment was rendered the records of the trial court showed that the remittitur of the supreme court had been filed with the clerk of the lower court and the costs of the appellant indorsed thereon by the clerk of the supreme court in *Page 2 
the sum of $25; that the amount of said costs in said appeal was by the court in its judgment of August 2, 1929, erroneously recited to be in the sum of $130.50, excessive in the sum of $105.50, and taxed and included in the judgment accordingly; and that the clerk in entering the judgment inserted and allowed the said sum of $130.50 as defendant's costs on said appeal, all in violation of the said remittitur or mandate with the correct amount of costs on appeal indorsed thereon in the sum of $25. The regularity of the issuance of the remittitur and the amount of costs legally taxed by the clerk of the supreme court was not disputed. The case of Johnson v. Schimpf (Cal.), 266 P. 597, is quite in point to the facts at bar. Our supreme court rules specifically provide how costs can be successfully claimed, and not otherwise. Under rule VI the procedure is fixed and must be followed; it requires the serving and filing of a verified cost bill within five days, by the prevailing party, after the decision is rendered. This was not done, and the appellant lost his right to any costs, excepting the fee for filing of the record on appeal, as shown by the remittitur. Subdivision 4 of rule VI requires that the clerk indorse on the remittitur the costs that the prevailing party is entitled to, and that such costs "shall be collected as other costs in such district court * * * and shall not be subject to retaxation in such district court or other tribunal." The lower court, then, and its clerk, were bound by the indorsement upon the remittitur fixing the defendant's costs on the first appeal. Neither of them had jurisdiction "to either allow or enter" a different sum. Manifest error therefore appears in the recitals of the judgment that the costs allowed to the appellant, Ward, in the supreme court were $130.50, instead of $25.
The decision in the case of Tacoma Lumber Company v. Wolff (Wash.), 35 P. 115, thoroughly supports our contention that the court has jurisdiction at any time to modify any error, nonjudicial in character, appearing upon the face of the record, such as the entry of the amount of the costs of the judgment, as required to *Page 3 
be done by the clerk under our statute, which is a ministerial act. Sec. 5278 Rev. Laws, defines the duties of the clerk in that respect.
Sec. 5387 Rev. Laws, applies to the filing of a cost bill in the district court, not the supreme court, and applies only to costs which the prevailing party is entitled to claim and receive and which were incurred in the lower court.
Our supreme court, in Sparrow v. Trench, 2 Nev. 362, passes upon the right of a court of record to amend its judgment to conform to the facts and to speak the truth. The right of the court, and the duty of the court, to make such a correction is passed upon in the case of National Council Knights and Ladies of Security v. Silver (Minn.), 164 N.W. 1015, 10 A.L.R. 523. Following the report of the foregoing case in 10 A.L.R. 523, at p. 526, is an extended annotation of cases, of 123 pages in length, pertaining to "correcting clerical errors in judgments."
Motion to modify judgment is not proper proceeding for correction of erroneous taxation of costs. That this is not a case of "clerical" error or "misprision" of the clerk is shown by the fact that the clerk in entering the costs in the judgment followed the directions of the judgment as made by the judge therein. The judgment recites that $130.50 was certified and allowed as costs in favor of Ward. Further, the cost bill which was filed on August 2, 1929, includes the same item of $130.50, which was found and adjudicated as costs by the judgment. The clerk, therefore, was simply carrying out the orders of the court.
Conceding for the purposes of the argument that in the instant case the clerk was not, as a matter of law, justified in looking to Ward's cost bill of August 2, 1929, to which no objections whatever had been made, and, conceding similarly that the clerk had no power to tax costs incurred in the case while on appeal, still we submit, on the authority of the case of State v. Sadler, *Page 4 25 Nev. 131-195, 196, 59 P. 546, 63 P. 128, that the action of the clerk in accepting Ward's August 2, 1929, cost bill was correct because no objections thereto were made, and his act in entering the costs so claimed in the final judgment does not entitle appellant here to a modification of such final judgment, any more than contestant was entitled to say that because the clerk in the Sadler case entered costs claimed by a premature cost bill the contestant was entitled to have the judgment modified.
When a properly verified cost bill is made, filed and served, and pursuant thereto, no objections or retax motion being made, the clerk enters the amount of such costs in the judgment, the costs become a part of the judgment and the amount and justice thereof can no more be attacked than any other part of such judgment. State v. Commissioners Lander County, 22 Nev. 71-79, 35 P. 300; Howard v. Richards, 2 Nev. 128-135 (per BEATTY, J.); Whitney v. Teichfuss (Colo.), 19 P. 507-508; Cord v. Southwell,15 Wis. 211.
The recital in the findings and judgment that "in due course the remittitur in said cause came down from the supreme court certifying an allowance and judgment for $130.50 costs of said appeal in favor of said defendant and appellant T.O. Ward * * *" is, of and in itself, a finding of a fact and an adjudication by the court as to said item. What appellant is now seeking is an order to the effect that the foregoing finding and adjudication be set aside. If such finding and adjudication were erroneous, it is judicial error as contradistinguished from clerical error. Judicial errors cannot be corrected on mere motion, but only by new trial or appeal. Sweeney v. Sweeney, 42 Nev. 431, 179 P. 638; 34 C.J. 215 and n. 16; 34 C.J. 243, sec. 468 and n. 58; Leonis v. Leffingwell, 58 P. 940; In Re Potter's Estate, 79 P. 850.
That appellant's motion herein is an attack upon the substance of the judgment of the trial court, and not merely an effort to correct any "clerical" error of the clerk, is shown by appellant's opening brief, wherein *Page 5 
appellant complains of the form of the judgment, i.e., judicial error of the court. Any such objection or complaint could only be legally made by motion for new trial and appeal.
 OPINION
This case is before us upon an appeal by the plaintiff from an order refusing to modify a judgment for costs.
Without detailing the facts, it is the contention of the plaintiff that the item in question is not a legal charge. A copy of the cost bill, containing the item complained of, was served upon the then counsel for the plaintiff and filed with the clerk of the court on the day the judgment in the case was rendered.
No objection was made to any item in the cost bill within three days after the service thereof, as permitted to be done by Stats. 1919, p. 56, c. 41. Sixty days after the rendition of the judgment execution was issued thereupon. For the purpose of preventing its levy the plaintiff, with comakers, executed its note payable to respondent for the full amount of the judgment and costs. Three months and a half after the execution of said note, the plaintiff filed in said court its motion to modify the judgment for costs so as to strike therefrom the item in question.
It appears from the findings of facts and the judgment, rendered by the lower court on August 2, 1929, which is made a part of the record on appeal in this matter, that the court found that the item in question was one incurred by the defendants on a former appeal in this case to this court, as appeared from the remittitur from this court, and accordingly rendered judgment in favor of the defendant therefor. On the same day the then counsel for plaintiff acknowledged receipt of a copy thereof, and waived time and right to file objections thereto.
We need not consider all of the questions discussed *Page 6 
upon this appeal, since it seems to us that there are at least two good reasons why the order must be affirmed.
1, 2. The finding and judgment of the trial court to the effect that the defendant had incurred the item on a former appeal in this case, as shown by the remittitur, and the rendition of judgment therefor, was as solemn and binding as any other portion of the judgment. There was only one way to avoid the force and effect of that judgment, which was to file a motion for a new trial, and to appeal from an order denying the same.
3. We think, too, that had there been no finding and judgment as there was, and had the item been embraced in the cost bill, the only way to attack it is by objecting thereto, as provided by statute, and, in case of an adverse ruling, to appeal therefrom.
We think the order appealed from should be affirmed.
It is so ordered.
 ON PETITION FOR REHEARING
November 19, 1930.
Per Curiam:
Rehearing denied. *Page 7